No. 24795

## The People of the State of Colorado v. Marvin Leo Silcott
(494 P.2d 835)

Decided March 20, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Truman E. Coles, Assistant, Kenneth J. Russell, Deputy for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of non-support on May 7, 1969, and was placed on probation without being sentenced. Later his probation was revoked and he was sentenced to a term in the penitentiary. We reverse the revocation.

The defendant's conviction was affirmed by this court in *Silcott v. People,* 176 Colo. 442, 492 P.2d 70 (1971). He was placed on probation on July 22, 1969. The text of the probation order was a printed form and the only reference to support of members of his family was the statement, "You are expected to pay your honest debts and obligations, and support your dependents." The probation department advised him to pay $300 a month toward child support. He paid only the sum of $20 during the months of August and September, 1969. On September 22, 1969 he was before the court at which time the following minute order was entered. "THE PROBATION DEPARTMENT AGREES THEY WILL FILE NO PETITION TO REVOKE MR. SILCOTT'S PROBATION IF HE OR HIS BROTHERS, IRWIN AND FLOYD SILCOTT ON HIS BEHALF PAY $150.00 PER MONTH CHILD SUPPORT AND PAYABLE TO SAID DEPARTMENT BEGINNING ON OR BEFORE OCTOBER 1, 1969, NOVEMBER 1, 1969, DECEMBER 1, 1969 AND JANUARY 1, 1970. THIS MATTER IS CONTINUED TO JANU-

.ARY 12, 1970 AT 1:30 P.M. FOR FURTHER HEARING ON ANY PETITION OF PROBATION DEPARTMENT."

During the months of October, November and December his brothers and his mother made payments of $150 per month. The defendant made $150 monthly payments in January and February and on March 10 he made a payment of $100. Under date of March 11, 1970, a probation officer petitioned the court for revocation of the probation, setting forth the payment of only $20 in August and September 1969 and the payment of only $100 in March, 1970.

A hearing was held on March 18, 1970. The only showing as to the defendant's ability to pay support was by his testimony. This related to his income and expense from July 1969 to March 1970. His earned income for the period was $1600. In addition, he borrowed sums from his mother, brothers and sister. He testified that his living expenses were $1325, that he had travel expense of $395, and, as already mentioned, he made support payments of $420, exclusive of the payments made by his brothers and mother.

At the conclusion of the hearing the court entered the following minute order:

"THE COURT ORDERS THAT THE PROBATION FOR DEFENDANT BE REVOKED AND THAT HE BE SENTENCED TO THE COLORADO STATE PENITENTIARY FOR NOT LESS THAN FOUR NOR MORE THAN FIVE YEARS."

As to the assignment of error here discussed, the sole position of the attorney general is characterized by the following summary of argument in his brief:

"ASSUMING THAT THE BURDEN IS ON THE PEOPLE, IN A PROCEEDING FOR REVOCATION OF PROBATION, TO ESTABLISH A VIOLATION OF THE CONDITIONS OF PROBATION, THAT BURDEN WAS PROPERLY SUSTAINED IN THE INSTANT CASE AND THE FINDINGS OF THE TRIAL COURT WERE SUPPORTED BY THE EVIDENCE."

After accepting payments of $150 for five months and $100 for the sixth month, the conduct of the probation

department in seeking to revoke probation the day following the $100 payment was precipitous and arbitrary. In granting the revocation, the court committed error. We do not attempt to lay down guidelines for similar matters that may arise. We simply hold that it was fundamentally unfair in this matter to accept payments for a period of six months and then use as a ground for revocation defendant's failure to make payments prior to that period. *Commonwealth v. White,* 218 Pa. Super. Ct. 188, 279 A.2d 768 (1971). Also, using this as basis for revocation was a violation of the agreement of the probation department as contained in the quoted minute order. We further hold that, while under the order of the court the defendant should have paid $150 on March 1, 1970, in bringing revocation proceedings when he was only 10 days tardy in his March payment and in default only for one-third of it, the probation department acted too hastily.

■ The court at the inception of probation should have specified the amount and times of the payments to be made by the defendant, and not have left this up to the probation department.

■ We approve the rule of *United States v. Taylor,* 321 F.2d 339 (4th Cir. 1963) that a finding of ability to pay is necessary before probation is revoked. It is unnecessary for us to pass on whether he was able or unable to make payments, whether the loans made to him by his relatives should be included in moneys available for support money payments, or whether he could properly claim travel expense. These determinations should be made by the trial court in any future proceedings against the defendant.

The judgment is reversed and the cause remanded with directions that the order of revocation of probation and the sentence be vacated.