**No. 27097**

**The People of the State of Colorado v. Nick Fermine Romero, Jr.**

(559 P.2d 1101)

Decided November 15, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant appeals an order of the Otero County District Court revoking his probation.

Defendant was charged with theft of material valued at $100 or more, 1971 Perm. Supp., C.R.S. 1963, 40-4-401.[1] At a pretrial hearing on May 7, 1974, the trial court was advised by the public defender that, pursuant to a Colorado Supreme Court directive concerning indigency guidelines for public defenders, defendant would be required to pay $165 in costs in order to be represented by the public defender.

On May 15, 1974, the court appointed a public defender and directed defendant to pay the $165 costs to the clerk of the court in monthly installments of $25.

Defendant pleaded guilty to the information. After imposing an indeterminate sentence in the state reformatory, the court suspended the sentence and granted defendant probation. At this point, defendant had paid one monthly installment. One of the conditions in the terms of probation was:

"(9) The Defendant shall make payments to the Clerk of this Court in the amount of $140.00 for attorney fees to be paid as follows: $25.00 on or before August 19, 1974, and a like sum on or before the 19th of each month until paid in full."

Although defendant made the August payment, he failed to make the September payment, and his probation officer filed a petition for revocation of probation. A criminal summons was issued, and the court held a full hearing on the matter. At the conclusion of the hearing, the court took judicial notice that there were jobs available in the La Junta-Rocky Ford area. From this assumed fact, the judge concluded that defendant was not truthful when he testified that he made repeated attempts to obtain employment. The court revoked defendant's probation based upon its written findings that defendant did not pay, nor did he make any reasonable effort to pay, the $25 due on September 19, 1974, under the conditions of probation. The court further found that it had complied "with the requirements of C.R.S. 39-11-204(1)(e) [*sic*][2] by fixing an amount the defendant could and would be able to pay . . . ." Defendant appeals the revocation, and we now vacate the order of revocation and remand for further proceedings.

---

[1] Now section 18-4-401, C.R.S. 1973.

[2] The court was in actuality referring to section 16-11-204(2)(e), C.R.S. 1973.

In *People v. Silcott*, 177 Colo. 451, 494 P.2d 835 (1972), this court in a similar situation held that before revoking probation it is necessary for the court to make a finding of present ability to pay.

The trial court here made a finding that, at the time conditions for probation were set, defendant "could and would be able to pay." However, it failed to make a finding of defendant's ability to make the payments as of the time of the revocation hearing.

The *Silcott* requirement that one have the present ability to pay contemplates that (1) a job for which the probationer is qualified is available; (2) the job would produce an income adequate to meet his obligations; and (3) the probationer unjustifiably refuses to take it. *Cf. Rapson v. Rapson*, 165 Colo. 188, 437 P.2d 780 (1968).

Since we are deciding the issue on the basis that the district court failed to make the essential findings as to defendant's present ability to pay, we elect not to reach the other assignments of error at this time.

The order of revocation is vacated. We retain jurisdiction, but remand to the district court for further proceedings. In the event the court finds that the defendant had the ability to pay as defined above at the time of the revocation hearing, the cause shall be returned to this court for resolution of the other issues raised by the defendant. If the court finds that the defendant did not have the ability to pay at the time of the revocation hearing, it shall reinstate defendant's probation and shall certify this fact to this court, whereupon the appeal shall be dismissed.

MR. JUSTICE ERICKSON concurs in result only.