575 P.2d 436 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Dale Robert STRICKLAND, Defendant-Appellant.
No. 76-816.
Colorado Court of Appeals, Division II.
September 29, 1977.
Rehearing Denied November 3, 1977.
Certiorari Granted March 6, 1978.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James S. Russell, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Mary G. Allen, Deputy State Public Defender, Denver, for defendant-appellant.
RULAND, Judge.
Defendant appeals from an order revoking a deferred sentence previously entered upon his conviction for theft. We reverse and remand for further proceedings.
In conjunction with the terms and conditions established for entry of a deferred sentence, defendant was directed to pay restitution of $150 per month, commencing March 1, 1976. On September 23, 1976, a petition was filed seeking revocation of the deferred sentence because defendant had failed to make the required restitution payments. At the hearing on the petition held October 4, 1976, the following evidence was presented and was not disputed. Defendant failed to make any payments whatsoever towards restitution. At the time of entry of the deferred sentence, defendant was still a member of the United States Army and was not discharged until April 5, 1976. At that time, he was in debt to the United States Army, and thus did not receive any severance pay. Defendant was employed *437 briefly to distribute "flyers" earning only $10 to $15. Defendant was next employed by a firm called Rentex in June and worked for a period of two months and two weeks, during which time he received ten paychecks, each for approximately $100.
In addition to the foregoing, defendant testified that during the time that he worked for Rentex, he and his wife were separated and he lived with friends and shared the rent with them. While he failed to pay any of his income for the support of his wife, he claimed that he only had $10 to $20 per week to live on. However, defendant did not enumerate the expenses which consumed his income except for two traffic fines. Defendant claimed that just prior to the revocation hearing, he again had been employed, but that this employment was terminated as a result of the revocation proceeding.
Following presentation of evidence, the court found, insofar as pertinent here:
"The evidence is clear that the man [defendant] has worked different times; that he has gotten at least ten paychecks; that nothing at all has been paid towards restitution.
"Under those circumstances, I feel that the Court has no alternative but to find that the man has violated the supervision order and that the People have proved this, and that sentence at this time should be imposed."
The defendant first contends that the revocation order must be set aside because the trial court made no finding, and there is no evidence from which the court could find, that defendant had the ability to make the full restitution payments as of the date of the revocation hearing. The defendant therefore requests that the order revoking his deferred sentence be vacated and the deferred sentence reinstated. The People answer that the trial court impliedly found that defendant had the present ability to pay during the two and one-half months that he was employed by Rentex and that, therefore, the revocation order was proper. In the alternative, the People argue that if the findings are deemed insufficient, this court should remand the case to the trial court for additional findings regarding defendant's ability to make the restitution payment.
In People v. Silcott, 177 Colo. 451, 494 P.2d 835 (1972), our Supreme Court held that "a finding of ability to pay is necessary before probation is revoked." That principle was applied to a specific set of circumstances in People v. Romero, Colo., 559 P.2d 1101 (1976), decided after the revocation hearing in this case. The issue before the Court in Romero was whether the trial court could revoke a defendant's probation based upon a finding that he had the ability to make the required restitution payments as of the date probation was granted. Since the defendant was unemployed as of the date of the revocation hearing and since he had testified as to repeated attempts to obtain employment, the Court determined that the trial court must address itself to whether: (1) A job was available for which the probationer was qualified; (2) the job would produce an income adequate to meet his obligations; and (3) the probationer unjustifiably refused to accept the employment. The Court commented upon Silcott and held:
"In People v. Silcott . . . this Court in a similar situation held that before revoking probation it is necessary for the court to make a finding of present ability to pay.
"The trial court here made a finding that, at the time conditions for probation were set, defendant `could and would be able to pay.' However, it failed to make a finding of defendant's ability to make the payments as of the time of the revocation hearing." (emphasis supplied)
The parties agree that the legal principles governing revocation of probation apply to revocation of a deferred sentence. Thus, we first address the issue of whether, as a condition of revocation, it must appear, pursuant to the holding in Romero, that defendant had the financial ability to make the required payments as of the date of the revocation hearing. We think not.
We view Romero as establishing that a defendant who has been unemployed may *438 not have his probation revoked for failure to make restitution payments, unless the trial court makes affirmative findings as to the criteria listed above. In the present case, it is evident from the trial court's findings that defendant's deferred sentence was not revoked by reason of his failure to pay while unemployed, but because of the fact that he had failed to make any payments toward restitution at a time when he was employed. Thus, we deem Romero as inapposite here.
Defendant next challenges the sufficiency of the evidence and the trial court's findings to sustain the revocation on the basis that no restitution payments were made during the two and one-half months that defendant was employed. Defendant contends that, absent evidence showing that defendant was financially able to meet his living expenses and make the restitution payments in full during the two and one-half months he was employed, his deferred sentence may not be revoked for failure to make partial payments. We find no merit in this contention.
The order granting a deferred sentence specifically authorized the defendant to apply for an adjustment in the restitution payments to either the court or the probation officer, and he failed to do so. Thus, it was obviously contemplated that defendant might not be in a position to make full payments each month. Hence, we conclude that it is permissible for the trial court to revoke based upon a finding that defendant has been able but failed to make partial payments.
Defendant finally contends that the evidence was insufficient to support the order of revocation because it is not disputed that defendant was unemployed for about three and one-half of the approximately seven months intervening between the date restitution payments were to start and the date of the revocation hearing. Thus, defendant, in effect, argues that his inability to pay has been conclusively established. However, we conclude that the case must be remanded for further proceedings.
It appears to us from the transcript of the revocation hearing that the probation officer in seeking revocation of defendant's deferred sentence deemed it sufficient to show that restitution payments were ordered, unpaid, and that defendant had, at times, been employed following entry of the deferred sentence. Defendant's response (after seeking and being denied a continuance to obtain more records relating to his financial condition) was to show the length of unemployment during this period, his various attempts to obtain employment, and thus to establish that he could not possibly have had sufficient funds to pay all of the restitution payments.
However, neither the probation officer nor defendant focused their attention upon what we consider to be the crucial fact issue in this case, namely, the defendant's financial position during the two and one-half months he was employed by Rentex. Specifically, there is no indication as to the state of indebtedness prior to the time he obtained employment, his specific living expenses at the time he obtained employment from Rentex, and the state of indebtedness when his employment there was terminated. Only in this manner can it be determined whether defendant had the financial ability to make part or all of the restitution payments during the time he was employed. Accordingly, the order of revocation is reversed and the cause is remanded for a new hearing and for additional findings by the trial court consistent with the views expressed in this opinion.
VanCISE, J., concurs.
PIERCE, J., dissents.
PIERCE, Judge, dissenting:
I do not quarrel with the logic and practicability of the result reached by the majority; however, I believe that we are bound by the specific requirement set forth in People v. Romero, Colo., 559 P.2d 1101 (1976). I construe the Romero quote set forth in the majority opinion as making mandatory a finding as to the defendant's ability to make payments as of the time of the revocation hearing.
The case at bar makes no such finding, nor do I believe that such a finding can be implied from the ultimate conclusions of the *439 trial court. Therefore, I would remand as did the Supreme Court in Romero when it stated:
"The order of revocation is vacated. We retain jurisdiction, but remand to the district court for further proceedings. In the event the court finds that the defendant had the ability to pay as defined above at the time of the revocation hearing, the cause shall be returned to this court for resolution of the other issues raised by the defendant. If the court finds that the defendant did not have the ability to pay at the time of the revocation hearing, it shall reinstate defendant's probation and shall certify this fact to this court, whereupon the appeal shall be dismissed." (Emphasis supplied.)