## No. C-1467

## Dale Robert Strickland v. The People of the State of Colorado

(594 P.2d 578)

Decided May 7, 1979.

Rollie R. Rogers, State Public Defender, James F. Dumes, Jr., Chief Deputy, Margaret L. O'Leary, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David Schwartz, Assistant, for respondent.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The petitioner, Dale Robert Strickland, was charged on September 11, 1975, with theft of a rental car. Pursuant to a stipulation under section 16-7-403(2), C.R.S. 1973, petitioner entered a plea of guilty to the charge. The District Court of El Paso County ordered a deferred sentence, conditioned upon two years probation. As one of the conditions of probation, the petitioner was ordered to pay restitution of $150 per month, such payments to commence February 28, 1976.

On September 23, 1976, the probation department filed a petition to revoke probation in the district court alleging that the petitioner had failed to make any restitution payments whatsoever. A hearing was held on these alleged probation violations. The court found that the petitioner had worked at different times, that he had gotten at least ten paychecks of approximately $100 each, and that he had paid nothing in fulfillment of his restitution obligations. It was undisputed that he was unemployed at the time of the revocation hearing, and the court made no finding as to his ability to pay at that time. The court revoked probation.

The petitioner asserts on appeal that the district court's failure to make findings as to his "present ability to pay" — that is, at the time of the revocation hearing — constituted reversible error. He cites as controlling on that question this court's decision in *People v. Romero,* 192 Colo. 106, 559 P.2d 1101 (1976).

The Colorado Court of Appeals reversed the trial court, holding that *Romero, supra,* was inapposite, *People v. Strickland,* 40 Colo. App. 121, 575 P.2d 436 (1977), but it remanded the matter to the trial court for a further hearing to determine whether the defendant had the ability to pay during the time he was employed. We granted certiorari to clarify *Romero.* We now affirm the court of appeals.

In *People v. Silcott,* 177 Colo. 451, 494 P.2d 835 (1972), this court adopted the rule that "a finding of ability to pay is necessary before probation is revoked." *Id.* at 454, 494 P.2d at 837. Ability to pay is measured by three factors: (1) that a job for which the probationer is qualified is available; (2) that the job would produce an income adequate to meet his obligations; *and* (3) that the probationer unjustifiably refuses to take it. *People v. Romero, supra.*

■ The reason for requiring that ability to pay be established before probation can be revoked is to allow revocation only where the probationer *unreasonably* or *willfully* fails to comply with the terms of his probation. With this foundation laid, the principle of *Romero* becomes clear; *i.e.,* to require that, before revocation of probation for failure to make ordered restitution payments can be effected, the trial court must find that the defendant had the ability to pay at the time the payments should have been made.

It was the factual situation in *Romero* which evoked our language there requiring a finding of ability to pay at the time of the hearing. In *Romero* it was undisputed that the defendant was unemployed at all times between the time the conditional probation was ordered and the time the petition for revocation was filed. At the revocation hearing, the trial court made no factually-supported finding that Romero had an ability to pay at the time he should have been making payments. Rather, the court *judicially noticed* that jobs were available to Romero and concluded that he had not been truthful when he testified that he had made repeated attempts to obtain employment. Since there was nothing in the record to support the trial court's finding that jobs were available to Romero at the time of the hearing, we returned the matter to the trial court for further proceedings to determine that issue. The holding therefore assured that Romero's probation could not be revoked without clear factual evidence that he willfully or unreasonably failed to make the payments owed.

■ However, in the present case the evidence is clear that the petitioner was employed during the period of time he was in default and that he made no payments at all towards restitution. Under the remand order of the court of appeals, the district court will make further findings on petitioner's ability to pay during that period, thus safeguarding petitioner's probation against revocation unless a willful or unreasonable failure to pay is evident. Nothing more is required.

Having reviewed petitioner's other contentions, we find them to be without merit. The decision of the court of appeals is affirmed, and the case is remanded to the district court for further findings.

Affirmed.

MR. JUSTICE CARRIGAN does not participate.