■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERRY BOWMAN, Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Kings County, rendered January 12, 1978, which, upon revoking a previously imposed sentence of probation, imposed a sentence of imprisonment. Amended judgment reversed, on the law, and case remanded to the Criminal Term, for further proceedings consistent herewith. On December 10, 1976 defendant was indicted for the crime of manslaughter in the first degree. The charge stemmed from defendant's killing of her boyfriend, Darryl Braun. In satisfaction of the indictment defendant pleaded guilty on September 26, 1977 to the crime of manslaughter in the second degree. In accepting the plea, Mr. Justice Mirabile told defendant that he would place her on probation for five years provided the probation report permitted him to do so. He also told her that if for any reason he could not keep the promise he would permit her to withdraw her plea. Subsequently, on December 6, 1977, defendant was sentenced to five years' probation provided she undergo psychiatric treatment at Brooklyn State Hospital (Kingsboro) and remain there unless and until given permission to leave by the court. The next day Kingsboro refused to accept defendant as a patient, adopting the position that she was not psychiatrically ill and that there was no basis for holding her. Defendant was transferred to Kings County Hospital Psychiatric Division (Kings County) on December 9, 1977, but it too refused to accept her as a patient on the same ground, that she was not

psychiatrically ill. Kings County did, however, agree to house defendant pending a hearing on violation of probation. A hearing on violation of probation commenced on January 5, 1978 and continued on January 12, 1978. The evidence presented at the hearing indicated, without refutation, that defendant was in need of psychiatric care and a structured setting suited to her needs. The hearing testimony also detailed the unsuccessful efforts made to place defendant in an institution appropriate to her condition. At the conclusion of the hearing probation was revoked. Criminal Term found that while everybody is convinced defendant needs psychiatric treatment, there is no place willing to accept her and that therefore the conditions of probation cannot be complied with. Defendant was offered the opportunity of withdrawing her plea but she refused. A sentence of zero to five years incarceration was then imposed. Pending final disposition of this appeal defendant is at the Central New York Psychiatric Center (known as Marcy State Hospital). Defendant contends that the record does not support a finding that she violated probation and that, in any event, a sentence of incarceration was inappropriate. We agree with both her contentions. Since the evidence indicates that the defendant acted in good faith in an attempt to carry out the conditions of the imposed probation, in trying circumstances over which she had no control, we deem it unseemly to stigmatize her as a violator of probation. We are aware that continuing efforts are being made by the District Attorney and by the Legal Aid Society to find a proper location for defendant.* With that in mind, we remand the case to Criminal Term to supervise and co-ordinate the work of the agencies and individuals devoted to that end. Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.

---

* (William Heffernan, Assistant District Attorney, Donna L. Bascom, Legal Aid Society—Assistant Appellate Counsel and Barbara Sossen, Legal Aid Society Social Worker.)