The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Donald SCHOONOVER,
Defendant-Appellant.

No. 81CA0081.

Colorado Court of Appeals,
Div. II.

July 1, 1982.
Rehearing Denied Aug. 5, 1982.
Certiorari Denied Nov. 29, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Donald Schoonover, appeals the order of revocation of his deferred sen-

tence entered pursuant to § 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8). We affirm.

In December 1978, as the result of entering a plea of guilty to four counts of second degree forgery in El Paso County district court, defendant was granted a two-year deferred sentence pursuant to § 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8). On September 4, 1979, an application for hearing on revocation of deferred judgment was filed by the prosecution in that court. Defendant was brought before the trial court from Denver County jail pursuant to a writ of habeas corpus on September 26, 1980. His motion to dismiss the 1979 application was granted on October 17, 1980.

On October 20, 1980, the prosecution filed a different application for a hearing on revocation of deferred judgment for an offense committed subsequent to the first application. The trial court denied defendant's motion to dismiss this second application. It found that he had violated the terms of his deferred judgment, and it entered sentence against him with such sentence to be served consecutively with sentences he was serving from Denver County and Pueblo County with proper credit for pre-sentence confinement.

Defendant first argues that the fifteen-day limitation imposed by § 16–11–206(4), C.R.S.1973 (1978 Repl.Vol. 8), applies to a deferred sentence revocation and that it was violated here. We do not agree.

Section 16–11–206(4), C.R.S.1973 (1978 Repl.Vol. 8), states:

"If the probationer is in custody, the hearing shall be held within fifteen days after the filing of the complaint, unless delay or continuance is granted by the court at the instance or request of the probationer or for other good cause found by the court justifying further delay."

■ Since the fifteen-day limitation imposed by § 16–11–206(4), C.R.S.1973 (1978 Repl.Vol. 8) is a procedural safeguard required for probation revocation hearings, it applies to a deferred sentence revocation pursuant to § 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8). *See People v. Adair,* Colo. App., 620 P.2d 46 (1980) (cert. granted, December 8, 1980); *People v. Strickland,* 40 Colo.App. 121, 575 P.2d 436 (1977), *aff'd on other grounds,* 197 Colo. 488, 594 P.2d 578 (1979). After the second application was filed here, which resulted in the actual revocation, a hearing was held within fifteen days. Therefore, § 16–11–206(4), C.R.S. 1973 (1978 Repl.Vol. 8) was complied with in the context of a deferred sentence revocation. The dismissal of the earlier application is irrelevant because the revocation process began with the filing of the second application. *See generally People v. Peretsky,* Colo.App., 616 P.2d 170 (1980).

■ Defendant further contends that the five-day limitation required by the probation revocation statute, § 16–11–205(4), C.R.S.1973 (1978 Repl.Vol. 8), applies to a deferred sentence revocation and that this section was violated here. We do not agree.

The five-day limitation on which defendant relies is set out in § 16–11–205(4), C.R. S.1973 (1978 Repl.Vol. 8), entitled *"Arrest of probationer—revocation,"* and states:

"Within five working days after the arrest of any probationer as provided in this section, or within a reasonable time after the issuance of a summons under this section, the probation officer shall complete his investigation, and either:

"(a) File a complaint in the court having jurisdiction of the violation of probation; or

"(b) Order the release of the probationer, if imprisoned, and notify the probationer that he is relieved of obligation to appear before the court...."

Hence, this statute imposes an obligation on the probation officer.

Although the procedural considerations governing revocation of a deferred sentence have been found analogous to those governing revocation of probation, this principle primarily applies to instances involving the

substantive aspects of the actual hearing. *See, e.g., People v. Adair, supra; People v. Strickland, supra.*

The deferred sentencing statute, particularly § 16–7–403(2), C.R.S.1973 (1978 Repl. Vol. 8), states in pertinent part:

"The burden of proof at a revocation of deferred judgment hearing shall be by a preponderance of the evidence, and *the procedural safeguards required in a revocation of probation hearing shall apply.*" (emphasis added).

And, § 16–11–206, C.R.S.1973 (1978 Repl. Vol. 8), which is entitled "*Revocation hearing,*" makes no reference to the five-day limitation set out in § 16–11–205(4), C.R.S. 1973 (1978 Repl.Vol. 8). Consequently, since the five-day limitation specified in § 16–11–205(4), C.R.S.1973 (1978 Repl.Vol. 8) is not a procedural safeguard required in a probation revocation hearing pursuant to § 16–11–206, C.R.S.1973 (1978 Repl.Vol. 8), but rather is a prehearing requirement imposed on the probation officer, it is not within the contemplation of § 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8).

Defendant finally argues that he was denied his right to a speedy trial and due process of law by the prosecution's delay in proceeding against him on the original revocation application. We do not agree.

Defendant waived his constitutional right to a speedy trial by signing the deferred sentencing stipulation. Furthermore, defendant also waived his statutory right to a speedy trial when he agreed to a deferred sentence pursuant to § 16–7–403(3), C.R.S.1973 (1978 Repl.Vol. 8). *See People v. Peretsky, supra.*

The order is affirmed.

BERMAN and TURSI, JJ., concur.