The PEOPLE of the State of Colorado,
Petitioner-Appellee,

In the Interest of M.H., Child-Appellant.

No. 82CA0411.

Colorado Court of Appeals,
Div. II.

March 10, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for petitioner-appellee.

Jeffery A. Adler, Denver, for child-appellant.

TURSI, Judge.

Appellant, M.H., a minor child, seeks review of that part of the dispositional decree in a delinquency proceeding which required her to pay restitution. We affirm.

Appellant admitted committing the offense of second degree criminal trespass in violation of § 18–4–503, C.R.S.1973 (1978 Repl.Vol. 8). The evidence revealed that appellant and a companion broke into a dwelling and stole various items. The value of these articles was determined to be $1,333.

At the time of the combined adjudicatory-dispositional hearing, appellant was in the custody of the Department of Institutions as a result of a prior delinquency proceeding. She was residing at a treatment facility and her counselor was called to testify. The counselor indicated that appellant had serious emotional problems as well as being two years behind her age group academically. The counselor thought that appellant was making progress but was not ready to return home.

With respect to appellant's ability to pay restitution, the counselor opined that appellant might become eligible for work in the summer months and could earn as much as $500. However, the counselor doubted that appellant could earn enough during the coming year to pay off a previous restitution order of $201 and an order for restitution in this case.

Appellant told the court that she considered herself responsible for "less than half" of the items which were taken from the house, and she stated that the only items which she personally took had been returned to the victim. Appellant also testified that her companion had broken into the home and taken goods on prior occasions.

Based on the foregoing, the court adjudicated appellant a delinquent and ordered

her institutionalized for a period of one year. The court also ordered appellant to pay restitution in the amount of $666.50, one half of the value of the stolen goods. In this regard, the court stated that appellant and her companion were equally responsible for committing the offense and it would not decide "who took what." The court did not assign a specific due date for restitution because of appellant's "circumstances."

Appellant argues that the trial court abused its discretion in ordering restitution. She contends that the decree violated § 19–3–113(4), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.) because it worked a serious hardship and injustice.

Section 19–3–113(4) provides in pertinent part that:

"a decree of disposition . . . shall, in those instances where the court finds damage has been done, contain a requirement that the child pay for any damage done to persons or property, upon such conditions as the court may deem best, unless payment causes serious hardship or injustice to the child."

■ It is apparent from the court's order that it recognized appellant's difficult financial situation and mitigated any hardship by declining to impose a specific due date for restitution and by not holding her jointly responsible for the total damage. Because the trial court's restitution decree is supported by the evidence and was within limits imposed by law, we perceive no abuse of discretion. *See People in Interest of C.B.,* 40 Colo.App. 43, 572 P.2d 843, *aff'd,* 196 Colo. 362, 585 P.2d 281 (1978).

The cases cited by appellant, *Strickland v. People,* 197 Colo. 488, 594 P.2d 578 (1979) and *People v. Romero,* 192 Colo. 106, 559 P.2d 1101 (1976), are inapposite. Those cases concern the conditions under which a court may revoke probation for failure to pay restitution, not the conditions under which a court may make an initial order to pay restitution.

■ We also reject the argument that the decree was "unjust" because the court failed to give sufficient weight to the evidence concerning appellant's efforts to return the stolen property. The court indicated that it considered this evidence but was ordering appellant and her companion to pay equal restitution because they were equally responsible for the criminal episode. The weight to be assigned to appellant's effort to return the stolen property is a matter within the sound discretion of the trial court, and we find no abuse of discretion in this regard.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.