The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jess ZABALA, Defendant-Appellant.

No. 84CA0352.

Colorado Court of Appeals, Div. I.

Aug. 22, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Thomas A. Wallace, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant Jess Zabala appeals the revocation of his deferred judgment for failure to pay restitution as ordered. We affirm.

Following entry of his guilty plea to a charge of sale of narcotic drugs, defendant was granted a two-year deferred judgment and ordered to pay restitution of $3,600, at a rate of $15 per week. One week before the two-year period was to expire, defendant had paid only $140 in restitution. As a result, his probation officer attempted to verify defendant's employment history during the previous two years, in order to demonstrate to the court that defendant did not have the ability to pay the remainder of the restitution. He had not contacted defendant's employer previously, at defendant's request, because defendant felt that it would jeopardize his job if his em-

ployer learned that he was under the supervision of the probation department.

In the course of his attempts to confirm defendant's statements, the probation officer discovered a number of discrepancies in the information defendant had provided him. In one instance, defendant had said he had earned nothing at one job, when in fact he had earned $4,700; he also claimed to have earned money from two other jobs, but both employers denied they had paid him any wages at all. In addition, defendant had led his probation officer to believe that he had been working as a commercial real estate broker for a period of several months, but the probation officer determined that defendant did not have a real estate license, and that defendant had worked at that real estate office for only two days.

The probation officer filed for revocation of defendant's deferred judgment two days before the end of the deferral period, on the grounds that defendant had violated the conditions of the deferral which required him to work faithfully at suitable employment and to make restitution as ordered by the court.

Defendant paid $1,000 towards his restitution obligation shortly after the probation officer filed the petition for revocation. Defendant testified at the revocation hearing that the $1,000 was money he had been sending to his mother to save for him over a period of several months. He acknowledged that he could have paid the money directly to the court instead of sending it to his mother to save, and testified that he understood he was under no obligation to save it and make one lump sum payment at the end of the deferral period. The probation officer testified, further, that he and defendant had frequently discussed defendant's restitution obligation and his failure to make even small payments toward that obligation. The court revoked defendant's deferred judgment solely on the basis of his failure to pay restitution, and sentenced him to probation for one year.

■ On appeal, defendant contends that the trial court failed to make specific findings, as required by § 16–7–403(2), C.R.S. (1984 Cum.Supp.), that he had the ability to pay restitution but failed to do so. We disagree. The court specifically found, based on the evidence presented, that defendant had had money during the deferral period which he could have paid to the probation department, but which he chose, instead, to give to his mother to hold for him. This finding by the trial court is sufficient to meet the statutory standard. *See Strickland v. People*, 197 Colo. 488, 594 P.2d 578 (1979).

■ Defendant next asserts that the period of the deferred judgment should have expired two years from the date of the amended stipulation of terms and conditions of deferred judgment, rather than two years from the date of the original stipulation.

Defendant's argument is without merit. The amended stipulation, in which the amount of restitution to be paid by defendant was raised to $3600, specifically stated that the period of supervision was to expire December 15, 1983, the date the original stipulation was to expire. Moreover, § 16–7–403(1), C.R.S. (1978 Repl. Vol. 8) clearly limits the deferral period to a time "not to exceed two years from the date of entry of such plea"; thus, the trial court was without jurisdiction to extend the deferral period for more than two years.

■ Defendant also argues that the petition for revocation of his deferred judgment was improperly brought by the probation department, rather than by the district attorney, as required by statute. *See* § 16–7–403(2), C.R.S. (1984 Cum.Supp.). Again, we disagree.

The procedural safeguards governing the deferred sentencing statute are analogous to those governing probation. Section 16–7–403(2), C.R.S. (1984 Cum.Supp.); *People v. Peretsky*, 44 Colo.App. 270, 616 P.2d 170 (1980). Section 16–11–205, C.R.S. (1978 Repl. Vol. 8) permits the probation officer to initiate revocation of probation proceedings. Because he was under the supervision of the probation department, *see*

§ 16–7–401(1), C.R.S. (1984 Cum.Supp.), filing of the revocation petition by the probation department in no way prejudiced the defendant. That is particularly true in that it is the trial court, not the district attorney or probation officer, who makes the actual determination as to whether or not to revoke the deferral, and defendant was accorded the due process rights to which he was entitled.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.