**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Bradley Lewis COLABELLO, Defendant–Appellant.**

No. 95CA1600.

Colorado Court of Appeals, Div. I.

May 15, 1997.

Rehearing Denied June 12, 1997.

Certiorari Denied Dec. 2, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Bradley Lewis Colabello, appeals the trial court's order revoking his sentence to probation. We affirm.

In May 1994, defendant pled guilty to one count of sexual assault on a child and was sentenced to probation for four years. As pertinent here, one of the conditions of defendant's probation was that he "successfully complete whatever treatment program his Mental Health therapist and probation officer outline for him (including Offense Specific Treatment if appropriate)."

Thereafter, defendant's probation officer requested that the court appoint a psychologist to evaluate defendant in order to explore possible treatment options for him. The psychologist determined that defendant was a "'fixated' pedophile" who suffered from a psychosis that severely distorted his judgment and functioning. The psychologist concluded that defendant would not be "an appropriate candidate for outpatient treatment" because of the very high risk of recidivism. Thus, he recommended that defendant be placed into a long-term secure inpatient program for sexual offenders.

Defendant's probation officer located an inpatient treatment program at a hospital in Texas and defendant was admitted for a two-week trial period to evaluate whether he would be able to work and complete the program. The program, which was intensive, usually required a two-month minimum commitment. However, defendant was discharged from the program approximately six weeks later with a "poor prognosis."

In the discharge report, the hospital noted that defendant "did little to nothing while in treatment." The report stated that defendant's failure to progress resulted "more from a lack of commitment than ability."

Based on defendant's failure to complete the program successfully, defendant's probation officer filed a complaint to revoke his probation. In an update report to the court, the probation officer noted that defendant "is a psychotic, substance abusing, intellectually impaired, fixated pedophile." Defendant's probation officer further noted that: "Regardless of whether or not you believe it is due to his mental illness and/or lack of willingness, [defendant] has demonstrated over and over again, he cannot or will not do treatment, and still remains a serious

risk.... Defendant has the capacity for making conscious choices to make himself treatable. His unwillingness to make himself treatable and monitorable is due to antisocial traits, rather than due to mental health issues and he should be held accountable now."

At the revocation hearing, the trial court commented that the hospital discharge report was unclear whether defendant had failed to complete the program "because of a lack of ability or from a lack of commitment or from some combination of the two." The court nevertheless concluded that defendant's failure to complete the program successfully, "for whatever reason," resulted in a violation of the conditions of his probation. After considering the available treatment options, the court sentenced defendant to the Department of Corrections for eight years with a recommendation that he be placed in a unit specializing in the treatment of the mentally ill.

## I.

Defendant first asserts that, because successful completion of the program at the Texas hospital was not a condition of his probation, the trial court erred in revoking his probation. More specifically, he argues that, because he was admitted to the Texas treatment program on a conditional basis, his failure to complete that program cannot be considered a violation of his probation. We are not persuaded.

The purpose and philosophy of probation are set forth in § 16–11–202, C.R.S. (1996 Cum.Supp.):

> When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best.

■ Probation is a privilege, not a right. If a probationer violates any condition of probation, the order of probation may be revoked.

■ Whether probation has been violated is a question of fact, and once a violation is found, the decision whether to revoke a de-

fendant's probation is discretionary with the trial court. Sections 16–11–205 and 16–11–206, C.R.S. (1986 Repl.Vol. 8A); *People v. Ickler,* 877 P.2d 863 (Colo.1994).

We conclude that *People v. Ickler, supra,* is dispositive of defendant's contention. There, the supreme court held that defendant's failure to cooperate in the evaluation phase of a treatment program violated a condition of his probation. The court noted that: "A contrary result would encourage sex offenders to avoid cooperation in any evaluation procedure in the hope of achieving a denial of admission and thus never having to 'participate' in such a program." *People v. Ickler, supra,* 877 P.2d at 867.

■ Therefore, irrespective of whether defendant was admitted to the program in Texas conditionally, his failure to complete that program may be deemed a violation of his probation. *People v. Ickler, supra.* We conclude the trial court did not abuse its discretion in finding that defendant had done so.

## II.

■ In a related argument, defendant contends the trial court erred in revoking his probation without making a finding that he "willfully or unreasonably" failed to complete the treatment program. We disagree.

Defendant relies on language in *Strickland v. People,* 197 Colo. 488, 594 P.2d 578 (1979). There, the supreme court held that the district court erred in revoking a defendant's probation based upon his failure to pay restitution without making a finding that he had the present ability to pay. The court stated that imposing such a requirement would safeguard against the revocation of a defendant's probation "unless a willful or unreasonable failure to pay is evident." *Strickland v. People, supra,* 197 Colo. at 490, 594 P.2d at 580.

However, the issue of restitution in that decision is distinguishable from the conditions imposed upon defendant here. The record clearly shows the trial court was well aware that defendant had a "very high risk for recidivism" and that successful completion of appropriate treatment was a critical

prerequisite to allowing him back into the community.

Therefore, the trial court conditioned defendant's probation upon successful completion of appropriate treatment. A well-intentioned but unsuccessful attempt at completion would not maintain defendant's probationary status because the trial court had very limited options for his treatment and only through treatment would defendant not be a threat to the community. We do not construe *Strickland v. People, supra,* as requiring a trial court to find that a defendant "willfully or unreasonably" failed to comply with any terms of probation other than payment of restitution.

At the revocation hearing, the trial court ultimately concluded that defendant had violated a condition of his probation by failing to complete the treatment program. After carefully considering the treatment options available, the trial court concluded that any alternatives to incarceration were no longer viable.

Based upon the information before it, the trial court determined that the only feasible alternative that would adequately protect the public was to sentence defendant to incarceration with a recommendation that he be placed in a special unit where he would obtain the mental health care he needed.

In revoking defendant's probation, the trial court took into consideration the best interests of both the public and defendant as required by § 16–11–202. Therefore, we conclude the trial court did not abuse its discretion.

The order is affirmed.

NEY and CASEBOLT, JJ., concur.