IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1658-11






MARICELA RODRIGUEZ GUTIERREZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


SMITH COUNTY





 Cochran, J., filed a concurring opinion in which Johnson, J., joined.


O P I N I O N 



 I agree with the majority that applicant's probation cannot be revoked on the basis of
an illegal (1) probation condition that she "self-deport" if she could not successfully obtain legal
status within one year. 

 I also think that the issue could have been resolved in a simpler manner. Appellant's
community supervision cannot be revoked for failing to obtain legal status to remain in this
country within a certain time period because obtaining legal status is beyond her power to
control. She can be ordered to file the appropriate papers to obtain legal status within a
certain time frame; that act is within her control. The trial judge properly made that act a
condition of probation. Applicant complied with that condition. The trial judge correctly told
applicant at the time he placed her on community supervision, "You can't control how fast 
[employees of the Department of Homeland Security] act on their processing that application,
but you can promptly get it filed." Appellant did everything she could to comply with the
trial judge's probation condition when she timely and properly filed her papers requesting
legal status. She cannot be revoked for the failure of the Department of Homeland Security
to act promptly.

 The United States Supreme Court has held that it violates "fundamental fairness"
under the Fourteenth Amendment to revoke a defendant's probation for failure to pay a fine
or restitution absent evidence that he was responsible for that failure-i.e., he had the money
to pay the fine, but willfully declined to do so. (2) Based upon the Supreme Court's reasoning,
numerous state and federal courts have held that a probationer may not be revoked when he
is unable to comply with a probation condition because of external circumstances that are
beyond his control. (3) We have so held in an unpublished opinion. (4)

 Normally, it is the probationer's burden to plead and prove that he cannot comply with
the conditions of probation because of factors beyond his control. In this case, however, such
pleading and proof is unnecessary because the written condition (as opposed to the trial
judge's accurate oral statement) shows on its face that "obtaining" legal status from
Homeland Security within one year (or any specific length of time) is beyond appellant's
control. This is like saying, "If you aren't accepted at Harvard Medical School, you will go
to prison." A legitimate condition of probation might be, "You must apply to Harvard
Medical School," but it is beyond any aspiring physician's control to ensure that Harvard will
accept that applicant. 

 Because appellant did everything she could to comply with her probation conditions,
the trial judge could not properly revoke her probation based on her failure to "obtain" legal
status within a year. With these comments, I join the majority opinion.

Filed: October 10, 2012

Publish
1. Let us not mince words. The trial judge did not have the legal authority or power to
impose deportation as a condition of probation. That was an illegal condition and, like an illegal
sentence, may be raised at any time. See Hernandez v. State, 613 S.W.2d 287, 288 (Tex. Crim.
App. 1981) (op. on reh'g); see, e.g., United States v. Phommachanh, 91 F.3d 1383, 1385 (10th
Cir. 1996) (collecting cases and holding that federal law "does not authorize a district court to
deport a defendant-alien as a condition of supervised release, but that it instead authorizes a
district court to impose as a condition of supervised release that a defendant be delivered to the
INS for deportation proceedings consistent with the Immigration and Naturalization Act (INA)");
United States v. Abushaar, 761 F.2d 954, 959-61 (3d Cir. 1985) (ordering a defendant to leave
the country as a condition of probation is an order of deportation; state and federal judges do not
have the authority to enter such an order); Commonwealth v. Nava, 966 A.2d 630, 635-36 (Pa.
Super. 2009) (trial judge's order that illegal alien remove himself from the state as a condition of
parole was itself "illegal" and therefore stricken from an otherwise valid judgment); People v.
Antonio-Antimo, 29 P.3d 298, 302-03 (Colo. 2000) ("neither federal nor state courts have
authority or jurisdiction over immigration matters, including the authority to order a person
deported"; therefore, appellate court would excise illegal probation condition that called for self-deportation and uphold the rest of the plea bargain); Sanchez v. State, 508 S.E.2d 185, 187 (Ga.
Ct. App. 1998) ("Ordering a defendant to leave the country as a condition of probation
constitutes an order of deportation"; it is illegal for a state trial judge to make such an order a
condition of probation and to revoke a probationer for failing to self-deport; defendant's failure
to object to probation condition or revocation was excused because "[i]t would seriously affect
the fairness and integrity of the judicial system to allow an illegal and unauthorized sentence to
stand."); State v. Pando, 921 P.2d 1285, 1286-88 (N.M. Ct. App. 1996) (ordering defendant to
leave the United States and to remain outside country as a condition of probation was an illegal
banishment; appellate court could sever that illegal condition from remainder of sentence which
was valid); Torros v. State, 415 So. 2d 908, 908 (Fla. Dist. Ct. App. 1982) (per curiam)
("[D]eportation is a federal matter. The trial court thus had no authority to order [the
defendants'] deportation, and the provision therefor [as a condition of probation] must be
stricken.") (citation omitted); Rojas v. State, 450 A.2d 490, 492 (Md. Ct. Spec. App. 1982) (trial
judge lacked authority to order defendant, a resident alien, to self-deport or not oppose
deportation as a condition of probation).
2. Bearden v. Georgia, 461 U.S. 660, 668-69 (1983) ("[I]f the probationer has made all
reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own,
it is fundamentally unfair to revoke probation automatically without considering whether
adequate alternative methods of punishing the defendant are available.").
3. See, e.g., People v. Cervantes, 175 Cal. App. 4th 291, 295 (Cal. Ct. App. 2009) ("Where
a probationer is unable to comply with a probation condition because of circumstances beyond
his or her control and defendant's conduct was not contumacious, revoking probation and
imposing a prison term are reversible error."); State v. Askew, 727 S.E.2d 905, 908 (N.C. Ct.
App. 2012) (trial court abused its discretion by revoking defendant's probation for reasons
beyond his control; defendant demonstrated that he was unable to obtain suitable housing before
his release from jail); see also United States v. Boswell, 605 F.2d 171, 173-75 (5th Cir. 1979)
(failure to make restitution payments); United States v. Taylor, 321 F.2d 339, 340-41 (4th Cir.
1963) (failure to pay fines); People v. Romero, 559 P.2d 1101, 1101-02 (Colo. 1976) (failure to
pay attorney's fees); People v. Silcott, 494 P.2d 835, 836-37 (Colo. 1972) (failure to make child-support payments); Donneil v. State, 377 So.2d 805, 805 (Fla. Dist. Ct. App.1979) (failure to
complete drug-rehabilitation program); State v. Nakamura, 581 P.2d 759, 761-63 (Haw. 1978)
(failure to be accepted in residential drug-treatment program); State v. Moretti, 141 A.2d 810,
813-14, 819-27 (N.J. 1958) (failure to obtain gainful employment); People v. Bowman, 423
N.Y.S.2d 242, 243 (N.Y. App. Div. 1980) (failure to obtain psychiatric treatment); State v.
Bubar, 505 A.2d 1201-02 (Vt. 1985) (noting that compliance with probation conditions "may not
be put beyond probationer's control"); Huggestt v. State, 266 N.W.2d 403, 407 (Wis. 1978)
(cautioning trial judges that "conditioning probation on the satisfaction of requirements which
are beyond the probationer's control undermines the probationer's sense of responsibility" and is
impermissible; remanding case to trial court to determine whether probationer lacked capacity to
pay restitution).
4. Ex parte Capetillo, No. AP-75311, 2005 WL 3418280, *1 (Tex. Crim. App. Dec. 14,
2005) (probationer's community supervision was improperly revoked since his failure to attend
and complete substance-abuse treatment program, as condition of probation, was beyond his
control; he was prevented from doing so by INS detainer).