

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1658-11

---

### MARICELA RODRIGUEZ GUTIERREZ, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### SMITH COUNTY

---

**COCHRAN, J., filed a concurring opinion in which JOHNSON, J., joined.**

### O P I N I O N

I agree with the majority that applicant's probation cannot be revoked on the basis of

an illegal[1] probation condition that she "self-deport" if she could not successfully obtain legal

---

[1] Let us not mince words. The trial judge did not have the legal authority or power to impose deportation as a condition of probation. That was an illegal condition and, like an illegal sentence, may be raised at any time. *See Hernandez v. State*, 613 S.W.2d 287, 288 (Tex. Crim. App. 1981) (op. on reh'g); *see, e.g., United States v. Phommachanh*, 91 F.3d 1383, 1385 (10th Cir. 1996) (collecting cases and holding that federal law "does not authorize a district court to deport a defendant-alien as a condition of supervised release, but that it instead authorizes a district court to impose as a condition of supervised release that a defendant be delivered to the INS for deportation proceedings consistent with the Immigration and Naturalization Act (INA)");

status within one year.

I also think that the issue could have been resolved in a simpler manner.  Appellant's community supervision cannot be revoked for failing to *obtain* legal status to remain in this country within a certain time period because obtaining legal status is beyond her power to control.  She can be ordered to file the appropriate papers to obtain legal status within a certain time frame; that act is within her control.  The trial judge properly made that act a condition of probation. Applicant complied with that condition.  The trial judge correctly told applicant at the time he placed her on community supervision, "You can't control how fast [employees of the Department of Homeland Security] act on their processing that application,

*United States v. Abushaar*, 761 F.2d 954, 959-61 (3d Cir. 1985) (ordering a defendant to leave the country as a condition of probation is an order of deportation; state and federal judges do not have the authority to enter such an order); *Commonwealth v. Nava*, 966 A.2d 630, 635-36 (Pa. Super. 2009) (trial judge's order that illegal alien remove himself from the state as a condition of parole was itself "illegal" and therefore stricken from an otherwise valid judgment);  *People v. Antonio-Antimo*, 29 P.3d 298, 302-03 (Colo. 2000) ("neither federal nor state courts have authority or jurisdiction over immigration matters, including the authority to order a person deported"; therefore, appellate court would excise illegal probation condition that called for self-deportation and uphold the rest of the plea bargain);  *Sanchez v. State*, 508 S.E.2d 185, 187 (Ga. Ct. App. 1998) ("Ordering a defendant to leave the country as a condition of probation constitutes an order of deportation"; it is illegal for a state trial judge to make such an order a condition of probation and to revoke a probationer for failing to self-deport; defendant's failure to object to probation condition or revocation was excused because "[i]t would seriously affect the fairness and integrity of the judicial system to allow an illegal and unauthorized sentence to stand."); *State v. Pando*, 921 P.2d 1285, 1286-88 (N.M. Ct. App. 1996) (ordering defendant to leave the United States and to remain outside country as a condition of probation was an illegal banishment; appellate court could sever that illegal condition from remainder of sentence which was valid); *Torros v. State*, 415 So. 2d 908, 908 (Fla. Dist. Ct. App. 1982) (per curiam) ("[D]eportation is a federal matter.  The trial court thus had no authority to order [the defendants'] deportation, and the provision therefor [as a condition of probation] must be stricken.") (citation omitted); *Rojas v. State*, 450 A.2d 490, 492 (Md. Ct. Spec. App. 1982) (trial judge lacked authority to order defendant, a resident alien, to self-deport or not oppose deportation as a condition of probation).

but you can promptly get it filed." Appellant did everything she could to comply with the trial judge's probation condition when she timely and properly filed her papers requesting legal status. She cannot be revoked for the failure of the Department of Homeland Security to act promptly.

The United States Supreme Court has held that it violates "fundamental fairness" under the Fourteenth Amendment to revoke a defendant's probation for failure to pay a fine or restitution absent evidence that he was responsible for that failure–i.e., he had the money to pay the fine, but willfully declined to do so.[2] Based upon the Supreme Court's reasoning, numerous state and federal courts have held that a probationer may not be revoked when he is unable to comply with a probation condition because of external circumstances that are beyond his control.[3] We have so held in an unpublished opinion.[4]

---

[2] *Bearden v. Georgia*, 461 U.S. 660, 668-69 (1983) ("[I]f the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available.").

[3] *See, e.g.*, *People v. Cervantes*, 175 Cal. App. 4th 291, 295 (Cal. Ct. App. 2009) ("Where a probationer is unable to comply with a probation condition because of circumstances beyond his or her control and defendant's conduct was not contumacious, revoking probation and imposing a prison term are reversible error."); *State v. Askew*, 727 S.E.2d 905, 908 (N.C. Ct. App. 2012) (trial court abused its discretion by revoking defendant's probation for reasons beyond his control; defendant demonstrated that he was unable to obtain suitable housing before his release from jail); *see also United States v. Boswell*, 605 F.2d 171, 173-75 (5th Cir. 1979) (failure to make restitution payments); *United States v. Taylor*, 321 F.2d 339, 340-41 (4th Cir. 1963) (failure to pay fines); *People v. Romero*, 559 P.2d 1101, 1101-02 (Colo. 1976) (failure to pay attorney's fees); *People v. Silcott*, 494 P.2d 835, 836-37 (Colo. 1972) (failure to make child-support payments); *Donneil v. State*, 377 So.2d 805, 805 (Fla. Dist. Ct. App.1979) (failure to complete drug-rehabilitation program); *State v. Nakamura*, 581 P.2d 759, 761-63 (Haw. 1978) (failure to be accepted in residential drug-treatment program); *State v. Moretti*, 141 A.2d 810, 813-14, 819-27 (N.J. 1958) (failure to obtain gainful employment); *People v. Bowman*, 423

Normally, it is the probationer's burden to plead and prove that he cannot comply with the conditions of probation because of factors beyond his control. In this case, however, such pleading and proof is unnecessary because the written condition (as opposed to the trial judge's accurate oral statement) shows on its face that "obtaining" legal status from Homeland Security within one year (or any specific length of time) is beyond appellant's control. This is like saying, "If you aren't accepted at Harvard Medical School, you will go to prison." A legitimate condition of probation might be, "You must apply to Harvard Medical School," but it is beyond any aspiring physician's control to ensure that Harvard will accept that applicant.

Because appellant did everything she could to comply with her probation conditions, the trial judge could not properly revoke her probation based on her failure to "obtain" legal status within a year. With these comments, I join the majority opinion.

Filed: October 10, 2012
Publish

---

N.Y.S.2d 242, 243 (N.Y. App. Div. 1980) (failure to obtain psychiatric treatment); *State v. Bubar*, 505 A.2d 1201-02 (Vt. 1985) (noting that compliance with probation conditions "may not be put beyond probationer's control"); *Huggestt v. State*, 266 N.W.2d 403, 407 (Wis. 1978) (cautioning trial judges that "conditioning probation on the satisfaction of requirements which are beyond the probationer's control undermines the probationer's sense of responsibility" and is impermissible; remanding case to trial court to determine whether probationer lacked capacity to pay restitution).

[4] *Ex parte Capetillo*, No. AP-75311, 2005 WL 3418280, *1 (Tex. Crim. App. Dec. 14, 2005) (probationer's community supervision was improperly revoked since his failure to attend and complete substance-abuse treatment program, as condition of probation, was beyond his control; he was prevented from doing so by INS detainer).