**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Alex Jeffrey MALONE, a/k/a Jeffrey Donald Gates, Jr., Defendant–Appellant.**

No. 94CA0272.

Colorado Court of Appeals, Div. I.

Nov. 9, 1995.

Rehearing Denied Jan. 25, 1996.

Certiorari Denied Sept. 3, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Susan J. Schneider, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Julie Iskenderian, Deputy State Public Defender, Denver, for Defendant–Appellant

Opinion by Judge CRISWELL.

Defendant, Alex Jeffrey Malone, appeals from the fine imposed upon him following his plea of guilty to attempted criminal mischief, a class 5 felony. We vacate that part of the sentence imposed and remand the cause to the trial court for its reconsideration.

Defendant was originally charged in 1989 with the unlawful possession of marihuana with intent to sell, a class 4 felony, and criminal mischief, another class 4 felony. However, defendant failed to appear for several court dates, his bond was revoked, and he did not again appear before the court until 1993.

Thereafter, the prosecutor and defendant entered into a written plea agreement whereby the prosecutor amended the criminal mischief charge to allege only attempted criminal mischief, a class 5 felony, defendant pleaded guilty to that amended count, and the prosecutor dismissed the count alleging marihuana possession. Pursuant to this agreement, the prosecutor agreed not to "oppose a non-Department of Corrections sentence, with restitution as a condition," and the defendant agreed to pay $125 to the Colorado Victim's Compensation Fund, plus $125, or a sum equal to 37% of any fine imposed (whichever was greater), to the Victim Assistance and Law Enforcement Fund.

Defendant filed a written petition to plead guilty in accordance with this agreement. This petition reflected that he was then unemployed.

The court accepted defendant's tendered plea, dismissed the marihuana count, and directed that a presentence report be prepared. This presentence report indicated that the incident upon which the charges were based had occurred at a local motel at which defendant and his father had rented a room. Defendant kicked in, or attempted to kick in, several doors to the rooms in the hotel.

The trial court, acting contrary to a probation department recommendation, accepted the plea agreement and placed defendant on probation for a period of four years to be served concurrently with any sentence that might be imposed in another county, in which separate criminal charges were pending against defendant. The admission of defendant to probation, however, was made subject to several special conditions, as follows:

—That he pay restitution in the amount of $400, representing the amount of property damage done by him;

—That he complete 400 hours of useful public service;

—That he pay $125 to the Victim Compensation Fund, $125 to the Victim Assistance Fund, and $30 as court costs; and

—That he pay a fine of $100,000 at a rate of not less than one-third of his gross income per month.

The People do not complain that the amount that defendant was ordered to pay to the Victim's Assistance Fund ($125) was less than the sum he had agreed to pay to that fund pursuant to the plea agreement (37% of

any fine). Likewise, defendant does not contest any of the conditions imposed on him by the court, except the fine of $100,000.

As to the latter condition, defendant argues that the court abused its discretion in imposing a fine in that amount, contending that it constitutes an "excessive fine" under the Eighth Amendment and under Colo. Const. art. 2, § 20. Because the record before us reflects that the trial court did not take defendant's ability to pay into consideration in imposing the fine, we vacate that portion of defendant's sentence and remand the cause to the trial court for its reconsideration.

Our review of the propriety of a sentence imposed upon a felony conviction is governed by one or both of two standards.

First, § 18–1–409, C.R.S. (1995 Cum. Supp.) authorizes us to review the sentence:

> having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based.

*See People v. Cohen,* 617 P.2d 1205 (Colo. 1980).

■ Further, both the Eighth Amendment and Colo. Const. art. 2, § 20, in substantially identical language, prohibit the imposition of "cruel and unusual punishments" or "excessive fines," and at least for purposes of the U.S. Constitution, these are separate concepts. Thus, a fine may be "excessive" under the Eighth Amendment, even though it does not constitute "cruel and unusual punishment." *Alexander v. United States,* 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). However, except for a general comment that the amount of any fine must be reasonably related to the severity of the offense, the United States Supreme Court has not yet enumerated any criteria to be used in considering whether a particular fine is excessive. *See Alexander v. United States, supra; Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).

■ Because the two concepts are separate, however, we are convinced that the criteria set forth in *Solem v. Helm,* 463 U.S.

277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), to be used in determining whether a term of incarceration constitutes "cruel and unusual punishment," cannot form the exclusive bases for determining whether a fine is "excessive."

■ In determining whether a prison sentence is cruel or unusual, the individual characteristics of the particular defendant are irrelevant. *People v. Cisneros,* 855 P.2d 822 (Colo.1993).

■ In contrast, there is substantially uniform agreement that, in determining the appropriate level of a fine, the court must consider the particular financial circumstances of the defendant. *See* ABA, *Standards for Criminal Justice,* Standard 18–3.16 at 113 (3d ed. 1994) ("An offender's ability to pay should be a factor in determining the amount of the sanction."); 21 Am.Jur.2d *Criminal Law* § 615 at 1012 (1981) ("What is an excessive fine is a relative proposition dependent upon many factors, including the financial status of those against whom the penalty provision is directed.")

Indeed, both the federal sentencing guidelines, United States Sentencing Commission, *Guidelines Manual* § 5E1.2, as well as some state criminal statutes, *see Commonwealth v. Schwartz,* 275 Pa.Super. 112, 418 A.2d 637 (1980), explicitly require a consideration of the defendant's financial circumstances in levying a fine.

While Colorado's statutes do not contain such an explicit requirement, *see* § 18–1–102.5, C.R.S. (1986 Repl.Vol. 8B) and § 18–1–105(1)(a)(III), C.R.S. (1995 Cum.Supp.), they do recognize that a defendant's financial status impacts upon the remedies available in the event of a failure to pay any fine. In addition, the Colorado statutes expressly require the court to consider a defendant's ability to pay in ordering restitution, § 16–11–204.5(1), C.R.S. (1986 Repl.Vol. 8A), and they require that any restitution payment, as well as any payment for support of a defendant's dependents and for "family responsibilities," be made before any fine is paid. Section 16–11–204(2.5), C.R.S. (1995 Cum. Supp.).

We conclude, therefore, that, in addition to considering the severity of the offense, the defendant's character and background, and any other appropriate circumstances, a sentencing court must also consider the defendant's financial status in determining the appropriate amount of any fine to be levied. And, if the amount of the fine is so disproportionate to the defendant's circumstances that there can be no realistic expectation that he or she will be able to pay the fine levied, such fine must be considered to be excessive.

Here, there is scant evidence of the defendant's financial circumstances contained in the present record. In addition, in assessing the fine, the court made no reference to or findings upon defendant's financial condition. And, from the other findings made by the court at the time of sentencing, it is impossible to determine whether the court considered that factor in assessing the fine.

We recognize that, generally, a court need not make explicit findings with respect to a defendant's ability to pay. *See People v. Quinonez,* 735 P.2d 159 (Colo.1987) (although restitution statute requires consideration of defendant's ability to pay, statute does not require explicit findings upon issue, absent a compelling need therefor).

However, a sentencing court must make findings of sufficient specificity to allow an appellate court to determine the bases for the sentence imposed. *People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980). And, if the sentencing court's order reflects that no consideration was given to a defendant's ability to pay, its order requiring restitution cannot be affirmed. *See People v. Valenzuela,* 874 P.2d 420 (Colo.App.1993), *aff'd on other grounds,* 893 P.2d 97 (Colo.1995).

Here, defendant was convicted of a property crime which caused $400 in damage. Yet, he was ordered to pay $100,000 as a fine, the maximum allowable for a class 5 felony, at a time when the only evidence before the court was that he was destitute. From the court's comments at the time of the sentencing, the conclusion may be drawn that the fine was to substitute for imprisonment. But, there is no indication that the court considered defendant's ability to pay in determining the amount of the fine. Under these circumstances, the order levying a $100,000 fine upon defendant cannot stand.

That portion of the sentence levying the $100,000 fine is vacated, and the cause is remanded to the trial court for reconsideration of the amount of the fine. In its reconsideration, the court may receive further evidence respecting defendant's present financial circumstances if it elects to do so.

STERNBERG, C.J., and METZGER, J., concur.