**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Lee Donald BOLT, Defendant–Appellant.**

**No. 98CA1370.**

Colorado Court of Appeals,
Div. A.

July 22, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Lauren A. Edelstein, Assistant Attorney General, Denver, Colorado for Plaintiff–Appellee.

Dennis W. Hartley, P.C., Dennis W. Hartley, Richard B. Levin, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge STERNBERG. *

Defendant, Lee Donald Bolt, challenges the constitutionality of the probationary conditions and sex offender surcharge imposed in connection with his conviction for aggravated second degree assault on a client by a psychotherapist. We affirm but remand for correction of the judgment of conviction and that part of the judgment setting forth the conditions of probation.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.

While working as a psychotherapist, defendant engaged in sexual intercourse on numerous occasions with one of his patients, a woman he was counseling regarding sexual abuse she had suffered as a child. The relationship lasted for almost a year, during which time defendant persuaded the victim not to reveal their relationship by threatening to commit suicide and telling her that many of his other patients would be harmed if she were to report him.

The victim ultimately disclosed defendant's conduct, and he was charged with aggravated second degree assault on a client by a psychotherapist, a class four felony. Section 18–3–405.5(1)(a), C.R.S.1998. Defendant entered a guilty plea to the charge with a stipulation that he be sentenced to probation. The parties agreed that defendant would serve no jail time and that all other conditions of probation would be determined by the trial court.

The trial court sentenced defendant to eight years of probation with the following conditions: (1) defendant is not to have any contact with the victim; (2) he is not to practice psychotherapy (defendant had stopped practicing prior to the sentencing hearing); (3) he is not to have any contact with former clients except insofar as necessary to refer them to another psychotherapist; and (4) he is not to engage in any type of "lay counseling" that would allow him to assume a "position of trust" with respect to any person who is "at risk."

## I.

Defendant argues that the third and fourth probation conditions violate his constitutional right to freedom of association. We disagree.

A court may grant probation subject to such conditions "as the court in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life and to assist the defendant in doing so." Section 16–11–204(1), C.R.S.1998. In addition to a number of statutorily specified conditions, a court may require a defendant to "[s]atisfy any other conditions reasonably related to the defendant's rehabilitation and the pur-

poses of probation." Section 16–11–204(2)(a)(XV), C.R.S.1998.

Courts have consistently upheld imposition of conditions of probation that restrict a defendant's freedom of speech and association when those conditions bear a reasonable relationship to the goals of probation. *See United States v. Turner*, 44 F.3d 900 (10th Cir.1995)(prohibiting picketing or harassment as condition of probation of abortion protester convicted of obstruction of federal court order was not an abuse of discretion), cert. *denied*, 515 U.S. 1104, 115 S.Ct. 2250, 132 L.Ed.2d 258 (1995); *Porth v. Templar*, 453 F.2d 330 (10th Cir.1971)(trial court acted within its discretion in restricting probationer's association with "groups that would palpably encourage him to repeat his criminal conduct").

In *People v. Brockelman*, 933 P.2d 1315 (Colo.1997), the court outlined factors to consider when determining whether a specific geographic restriction is reasonably related to the statutory purposes of probation. Although *Brockelman* did not involve a freedom of association claim, the enumerated factors are nevertheless instructive to our analysis.

The factors established in *Brockelman* include the following: (1) whether the restriction is reasonably related to the underlying offense; (2) whether the restriction is punitive to the point of being unrelated to rehabilitation; (3) whether the restriction is unduly severe and restrictive because the defendant resides in the area and is forced to relocate, or is employed or anticipates employment in the area; (4) whether the defendant may petition the court to lift the restriction temporarily when necessary; and (5) whether less restrictive means are available.

We conclude that the disputed probationary conditions here are not punitive and are reasonably related to the purposes of probation. As the trial court observed, preventing defendant from engaging in "lay counseling" of "at risk" persons and limiting his contact with former psychotherapy clients will further his rehabilitation and prevent him from exploiting a "position of trust" by forming a sexual relationship with a vulnera-

ble person. Defendant has not suggested any less restrictive conditions that would accomplish these legitimate goals.

Accordingly, based on all of these considerations, we conclude that the conditions of defendant's probation are authorized by statute and do not violate his constitutional right to freedom of association.

■ In upholding the constitutionality of the probation conditions, we have relied on the trial court's imposition of conditions at sentencing which, as set forth above, were narrowly tailored to allow contact with former psychotherapy clients for purposes of referrals and with other "at risk" persons so long as the contacts are outside a counseling setting. However, we note these conditions are not accurately reflected in the written "conditions of probation." That document states: "NO CONTACT W/VICTIM OR FORMER PATIENTS ... NO PERSONAL RELATIONSHIPS W/AT RISK PEOPLE." Therefore, we remand with directions to conform the written "conditions of probation" to the actual sentence pronounced by the court.

■ Further, upon remand the trial court should correct the judgment of conviction which erroneously indicates that defendant was convicted of violating § 18–3–405, C.R.S. 1998, which is the sexual assault on a child statute.

## II.

Defendant next contends that requiring him to pay a $1,000 sex offender surcharge constitutes the imposition of an unconstitutional excessive fine because the trial court failed to consider his ability to pay. Again, we disagree.

■ The Eighth Amendment and Colo. Const. art. 2, § 20, in substantially identical language, prohibit the imposition of "excessive fines." Thus, a sentencing court must consider the defendant's financial status in determining the appropriate amount of any fine to be levied. Also, if the amount of the fine is so disproportionate to the defendant's circumstances that there can be no realistic expectation that he or she will be able to pay the fine levied, such fine must be considered to be excessive. *People v. Malone*, 923 P.2d 163 (Colo.App.1995).

■ Here, the trial court imposed the mandatory $1,000 sex offender surcharge required of all defendants convicted of class four felony sex offenses. Section 18–21–103(1)(c), C.R.S.1998. Defendant was also ordered to pay $3,800 in other fees, surcharges, and restitution.

The trial court discussed these surcharges at the sentencing hearing and asked defense counsel about defendant's ability to pay this "restitution." Defense counsel conferred with defendant and then informed the court that defendant would be able to make whatever "reasonable payments" his probation officer required. Defendant did not object to the amount of the sex offender surcharge or ask the court to reduce it. *See* § 18–21–103(4), C.R.S.1998 (court can waive all or part of surcharge if it finds that defendant is indigent or financially unable to pay).

We conclude the record sufficiently demonstrates the trial court's consideration of defendant's ability to pay the $1,000 sex offender surcharge such that it is not unconstitutionally excessive. *People v. Malone, supra.*

■ Finally, defendant claims the $1,000 sex offender surcharge is grossly disproportionate and bears no reasonable relationship to the crime of aggravated sexual assault on a client by a psychotherapist. We reject this argument as a matter of law. *See* § 18–21–103(1), C.R.S.1998 (establishing eight different surcharge amounts which are correlated to the gravity of offense according to the level of the felony or misdemeanor classification); § 18–21–103(3), C.R.S.1998 (95% of surcharges collected shall be appropriated "to cover the direct and indirect costs associated with the evaluation, identification, and treatment and the continued monitoring of sex offenders").

The sentence is affirmed and the cause is remanded for correction of the judgment of conviction and the conditions of probation

consistent with the views expressed in this opinion.

Judge KAPELKE and Justice QUINN* concur.