Sentencing and Punishment—Probation and Related Dispositions—Nonpayment Conditions of Probation. 
The Supreme Court adopted the rule announced in Bearden v. Georgia, 461 U.S. 660 (1983), for all probation revocation proceedings in which the defendant asserts that he or she lacked the financial means to comply with a nonpayment condition of probation. 
The Court held that when a probationer defends against an alleged violation of a nonpayment condition of probation based on a lack of financial means, the trial court cannot revoke probation and impose imprisonment without first determining whether he or she failed to comply with probation willfully or failed to make sufficient bona fide efforts to acquire resources to comply with probation. If the trial court finds that the defendant willfully refused to comply with probation or failed to make sufficient bona fide efforts to acquire resources to do so, it may revoke probation and impose imprisonment. On the other hand, if the trial court finds that the defendant could not comply with probation despite sufficient bona fide efforts to acquire resources to do so, it must consider alternatives to imprisonment. Only if alternate measures are not adequate to fulfill the State’s sentencing interests, including in punishment, deterrence, rehabilitation, and community safety, may the court imprison an indigent defendant who, notwithstanding sufficient bona fide efforts to comply with probation, nevertheless failed to do so. By the same token, even if the trial court finds that an indigent defendant is not at fault for failing to comply with probation because he or she made sufficient bona fide efforts to acquire resources to do so, imprisonment following the revocation of probation is appropriate if there is no adequate alternative to fulfill the State’s sentencing interests. 
Here, the trial court found, with record support, that defendant did not make sufficient bona fide efforts to obtain employment. Thus, the court did not violate his constitutional rights by revoking his probation and imposing imprisonment. Accordingly, the Court of Appeals’ judgment was affirmed on other grounds.