23CA0250 Peo v Rodriguez 01-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0250
Arapahoe County District Court No. 21CR1325
Honorable Joseph Whitfield, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joshua Rodriguez,

Defendant-Appellant.

---

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE FOX
Gomez and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

---

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Robin Rheiner, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant Joshua Rodriguez appeals the district court's order imposing $8,314.80 in restitution costs. We vacate the order and remand for the district court to correct the mittimus accordingly.

## I.    Background

¶ 2    Rodriguez was charged with sixteen counts in connection with a June 2021 police pursuit of a stolen car in Littleton, Colorado. In September 2021, as part of a plea agreement, he pleaded guilty to Count 1, second degree assault with a deadly weapon.[1] § 18-3-203(1)(b), C.R.S. 2024. In exchange, the State dismissed the remaining counts. The plea agreement stated: "Restitution: reserved (defendant admits liability, stipulates causation)." At Rodriguez's arraignment, the district court accepted the plea and set a sentencing hearing, noting that restitution was reserved.

¶ 3    In November 2021, at the State's request, the court entered an order obligating Rodriguez to pay restitution, "the specific amount of which shall be determined within 91 days following the order of

---

[1] We agree that Rodriguez did not, as the State suggests, plead guilty to second degree assault on a peace officer. He was originally charged with second degree assault under section 18-3-203(1)(c), C.R.S. 2024, which is specific to peace officers. The amended charging document and plea agreement cite section 18-3-203(1)(b), which is not specific to peace officers, as the basis for this count.

conviction." The order also directed the State to "present information to determine the amount of restitution . . . within 87 days of th[e] order." On February 3, 2022, the State requested $25,531.76 in restitution.

¶ 4 At the February 18, 2022, sentencing hearing, the court entered a judgment of conviction and sentenced Rodriguez to seven years in the Department of Corrections' custody. The court then said, "Restitution is hereby ordered." Defense counsel immediately objected to the requested amount of restitution and the court responded:

> Understood. The Court will order restitution today, pursuant to statute. The amount listed here is $25,531.76. Defense has launched an objection. Court will set for a hearing . . . to hear the parties out as it relates to the amount, but the — for the record, the restitution has been ordered.

¶ 5 The post-sentencing mittimus stated: "Restitution: $25531.76 pending hearing. PD objects to amount of restitution and motions to set for hearing." The court scheduled a restitution hearing for March 29, 2022. During the March hearing, the court heard evidence and argument about the factual and legal bases for the proposed restitution amount. At the hearing's conclusion, the court

did not order restitution but noted that it would issue "an order relatively soon," advising the parties to "look for a written order from me. . . . If not, we'll just set a review and your client can come back, but I don't think we'll need that. This will be a relatively quick order. It won't take long, I promise."

¶ 6 Three months later, the court had not yet ordered restitution. So, on June 30, 2022, Rodriguez requested a ruling. The court did not respond. On November 16, 2022, Rodriguez again requested a ruling, this time arguing that the court could not impose restitution because the ninety-one-day statutory period had lapsed. *See* § 18-1.3-603(1)(b), C.R.S. 2024.

¶ 7 On December 30, 2022, more than ten months (315 days) after sentencing, the district court issued an order imposing $8,314.80 in restitution. The court noted that, based on the evidence presented at the restitution hearing, it was partially granting Rodriguez's request to reduce the requested amount. The order did not address Rodriguez's statutory objection to restitution or the reason for the delay. However, the court stated that it "ordered restitution in the amount of $25,531.76" at sentencing. It then described the March hearing at which it "took testimony from

witnesses and heard argument regarding whether to maintain the amount of restitution ordered, reduce said amount, or deny affording any restitution in any amount."

¶ 8     On appeal, Rodriguez contends that the district court lacked authority to order restitution because it did so more than ninety-one days after the judgment of conviction without finding good cause to extend the deadline. *See* § 18-1.3-603(1)(b).  Alternatively, if we conclude that the court had authority to order restitution, Rodriguez argues that the court erred by imposing restitution for property damage related to a dismissed charge.  *See* § 18-1.3-603(11).  Because we conclude that the court lacked authority to impose restitution, we vacate the restitution order and remand to the district court to amend the mittimus to reflect that Rodriguez owes no restitution.

II.     The District Court Lacked Authority to Impose Restitution

A.     Preservation and Standard of Review

¶ 9     The State argues that this issue was not preserved because Rodriguez did not raise it until his second request for a restitution ruling.  Arguing that the objection was untimely, the State cites *People v. McNeely*, 222 P.3d 370, 374 (Colo. App. 2009), *overruled in*

*part by Gibbons v. People*, 2014 CO 67. Rodriguez asserts that he preserved the argument in his second request for a ruling or, alternatively, that preservation is not required in this instance. We conclude that the issue was preserved.

¶ 10 Considering an objection to a jury instruction first raised in a post-trial motion, after the verdict, *McNeely* held that a party must object "in time for the trial court to avoid the alleged error" to preserve the objection for appeal. *Id.* at 374, 375. Unlike in *McNeely*, Rodriguez raised his objection before the court ruled on restitution. Even if the court did not "avoid the alleged error," *id.* at 374, it had "an adequate opportunity to make findings of facts and conclusions of law on [the] issue" that Rodriguez raised. *Forgette v. People*, 2023 CO 4, ¶ 21 (citation omitted).

¶ 11 And Rodriguez could not have argued that the court's order was untimely until the deadline had passed. In any event, it is the court's duty, not the defendant's, to heed the statutory deadline. *See People v. Weeks*, 2021 CO 75, ¶ 41. That Rodriguez did not raise the deadline in his first request for a ruling does not change our analysis. By raising the issue in time for the court to consider it, he preserved it. *See Forgette*, ¶ 21.

¶ 12     We review statutory interpretation questions de novo. *Weeks*, ¶ 24. We also review de novo whether a district court has authority to impose restitution. *People v. Roddy*, 2021 CO 74, ¶ 23. If a court lacks authority to impose restitution, "we must vacate the restitution order." *People v. Roberson*, 2023 COA 70, ¶ 17 (*cert. granted* Apr. 8, 2024); *accord Weeks*, ¶ 47; *People v. Mickey*, 2023 COA 106, ¶ 6 (noting that harmless error does not apply).

## B.     Applicable Law

¶ 13     By statute, virtually all judgments of conviction must address restitution. *See* § 18-1.3-603(1)(a)-(d). Of the four types of restitution orders contemplated, we consider the second, "[a]n order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the

restitution amount shall be determined."[2]  § 18-1.3-603(1)(b).  The Colorado Supreme Court has explicitly held that district courts lack authority to order restitution "after the ninety-one-day deadline in [section 18-1.3-603(1)(b)] expire[s]" unless "the court *expressly* finds good cause" to extend the deadline "*before* the deadline expires." *Weeks*, ¶¶ 5, 40, 45 (emphases added).

¶ 14    If a court does not order restitution at the sentencing hearing, it "should be prepared to . . . adhere[] to [its] deadline in subsection (1)(b)."  *Id.* at ¶ 8.  Therefore, "when the court enters a *preliminary* restitution order . . . at a sentencing hearing, the mittimus should reflect that restitution has been ordered but that the amount will be determined . . . within ninety-one days or within" the timeframe established by the court's good cause findings.  *Id.* at ¶¶ 8, 9 (emphasis added) (noting that the court should ideally make good cause finding at or before sentencing).

---

[2] The four types of restitution orders include: (1) ordering a specific amount of restitution; (2) ordering that restitution is required without immediately determining the amount; (3) ordering that, "in addition to or in place of a specific amount . . . the defendant pay restitution covering the actual costs of specific future treatment of any victim"; and (4) "finding that no victim of the crime suffered a pecuniary loss and therefore" not ordering restitution.  § 18-1.3-603(1)(a)-(d), C.R.S. 2024.

¶ 15    *Weeks* makes clear that a preliminary restitution order is not final unless and until the court orders a specific amount of restitution within the appropriate deadline.  *See id.*  Therefore, even if the mittimus reflects a dollar amount of restitution, this amount may only be preliminary if, for example, a party requests a hearing or indicates that it may be seeking additional restitution.  *See id.* at ¶¶ 12, 14, 44 (discussing the prosecutor's request for "an 'interim amount' of restitution" pending further investigation and, later, the defendant's request for a restitution hearing).  This aligns with the general principle that a final judgment or order "ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding."  *Wilson v. Kennedy*, 2020 COA 122, ¶ 7 (quoting *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n.2 (Colo. 1982)).

## C.    Analysis

¶ 16    Rodriguez argues that the December 2022 order was the court's final restitution order and that because the order exceeded the statutory deadline, the court lacked authority to impose restitution at that time.  Conversely, the State contends that the

district court ordered a specific amount of restitution in February 2022 pursuant to section 18-1.3-603(1)(a), and the December 2022 order merely reduced the amount of restitution under section 18-1.3-603(3)(b).  We agree with Rodriguez.

¶ 17     Here, the court entered what it titled "a judgment of conviction" on February 18, 2022.  The mittimus reflected that the court had ordered restitution in the amount of $25,531.76, "*pending* hearing."  (Emphasis added.)  Therefore, the preliminary restitution order did not end the restitution inquiry and was not final.  *See Weeks*, ¶ 9.  Accordingly, the court had ninety-one days, or until May 20, 2022, to order restitution or make an express finding that good cause justified extending the deadline.  *See id.*; § 18-1.3-603(1)(b).

¶ 18     The fact that the mittimus reflected restitution as a dollar amount following the February 2022 hearing does not mean that the court ordered a "specific amount" of restitution pursuant to the statute when the amount was explicitly described as "pending."  *See* § 18-1.3-603(1)(a), (b); *cf. People v. McLain*, 2016 COA 74, ¶ 17 (finding finality when there was no indication "that the amount of restitution was preliminary," and "the court did not condition the

9

finality of the initial order on any future event"), *overruled in part on other grounds by Weeks*, 2021 CO 75. A contrary interpretation "would risk rendering the court's deadline in subsection (1)(b) meaningless," *Weeks*, ¶ 42, because courts could enter a placeholder amount and then determine a final amount after the deadline.

¶ 19 Additionally, while the district court repeatedly noted that it had ordered restitution, we interpret this to mean that the court entered "a *preliminary* restitution order," subject to the outcome of the hearing. *Id.* at ¶¶ 9, 30, 44 (emphasis added). Therefore, at the sentencing hearing, the district court anticipated that Rodriguez would pay restitution. *See* § 18-1.3-603(1)(b). However, the court noted that, while "restitution has been ordered," it would "hear the parties out as it relates to the amount." This aligns with the procedure under section 18-1.3-603(1)(b) in which the court may "shelve the determination of the *amount* of restitution after entering a preliminary order requiring restitution." *Weeks*, ¶ 30.

¶ 20 Importantly, at sentencing, the district court did not hear evidence supporting the amount of restitution or Rodriguez's objection to that amount, nor did it make legal or factual findings

about restitution. *See People v. Malone*, 923 P.2d 163, 166 (Colo. App. 1995) (noting that district courts must make sufficient findings concerning "the bases for the sentence imposed," including restitution). Instead, it heard evidence at the March 2022 hearing and made findings in the December 2022 order. We therefore reject the State's assertion that the court ordered a specific amount of restitution in February 2022. *See* § 18-1.3-603(1)(a).

¶ 21    In light of this conclusion, we also reject the State's argument that the court's December 2022 restitution order fell under section 18-1.3-603(3)(b). This provision allows courts to decrease a restitution order "(I) [w]ith the consent of the prosecuting attorney and the victim or victims to whom the restitution is owed; or (II) [i]f the defendant has otherwise compensated the victim or victims for the pecuniary losses suffered." *Id.* The State acknowledges that "the court did not mention the conditions referenced in" this section. It also does not argue, nor is there evidence in the record, that the conditions were otherwise satisfied.

¶ 22    Instead, the State suggests that (1) the court implicitly applied section 18-1.3-603(3)(b); (2) Rodriguez lacks standing to challenge procedural violations of this section; and (3) any error in failing to

comply with this provision was harmless because the district court reduced the amount of restitution. The State cites no Colorado authority, nor are we aware of any, concluding that criminal defendants lack standing to challenge orders decreasing restitution. The State's primary argument is that restitution is a victim's right, which criminal defendants lack standing to enforce. This argument misses the point.

¶ 23    There is no indication that the court implicitly or explicitly applied section 18-1.3-603(3)(b). Therefore, we need not consider whether Rodriguez had standing to challenge an order reducing restitution under this section. Moreover, Rodriguez does not challenge the district court's order on this ground; he challenges the court's authority to impose *any* restitution. *Weeks* and its progeny make clear that criminal defendants may challenge restitution orders entered without authority. *See, e.g., Mickey*, ¶ 7 (noting that restitution imposed without authority affects a *defendant's* substantial rights and is not harmless). Finally, because the district court did not apply section 18-1.3-603(3)(b), we

do not address the State's argument that any procedural error under this section was harmless.[3]

¶ 24    Because section 18-1.3-603(1)(b) governs, the district court exceeded its statutory deadline when it ordered restitution more than ten months after entering its judgment of conviction. *See Weeks*, ¶¶ 45, 47. The district court also failed to make any express, timely findings that good cause justified extending the deadline. *See id.* at ¶¶ 40, 45. We therefore vacate the restitution order. *See id.* at ¶ 47; *Roberson*, ¶ 17. Given this conclusion, we need not address Rodriguez's argument that the court erred by imposing restitution for losses related to a dismissed charge.

### III.    Disposition

¶ 25    The restitution order is vacated, and the case is remanded to the district court to correct the mittimus to reflect that Rodriguez owes no restitution.

JUDGE GOMEZ and JUDGE LUM concur.

---

[3] The State suggests that the court's procedural shortcomings should not allow Rodriguez to get a "windfall at the victim's expense." But *People v. Weeks*, 2021 CO 75, ¶ 41, accepted the risk that "defendant[s] could avoid paying restitution solely because the court failed to comply with its deadline."