23CA0780 Peo in Interest of MM-S 05-01-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0780
City and County of Denver Juvenile Court No. 22JD66
Honorable D. Brett Woods, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of M.M-S.,

Juvenile-Appellant.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE WELLING
Kuhn and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 1, 2025

---

Phillip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee

Megan A. Ring, Colorado State Public Defender, Claire Pakis, Deputy State Public Defender, Denver, Colorado, for Juvenile-Appellant

¶ 1 M.M-S. challenges the magistrate's determination that he violated the terms of his probation. We reverse and remand.

## I. Background

¶ 2 M.M-S. was arrested for possession of a handgun by a juvenile — a misdemeanor — and motor vehicle theft — a class 6 felony. He pleaded guilty to those counts and as part of a stipulated agreement was put on one year of probation in exchange for a deferred adjudication of the felony charge.

¶ 3 About three months after he entered his plea, the probation department filed a petition to revoke M.M-S.'s probation and deferred adjudication alleging that he had violated four conditions of his probation by (1) failing to report to a probation officer at reasonable times as directed by the court or probation officer (Condition Three); (2) leaving home for any period of time without the consent of his parents (Condition Four); (3) failing to attend school with no unexcused tardies or absences (Condition Six); and (4) failing to contact probation by 10 a.m. on any day that he didn't attend school (Condition Sixteen/Additional Condition Four).

¶ 4 M.M-S. was advised regarding the probation complaint, entered a denial, and demanded a hearing.

¶ 5     The probation revocation hearing was held before a

magistrate.  At the hearing, M.M-S.'s probation officer, Tyler

Pannell, testified regarding the alleged violations.[1]  First, the

prosecutor asked Pannell what conditions of his probation M.M-S.

had failed to comply with.  Pannell responded as follows:

> So, as I recall from what I filed in the special
> report, in the revocation and the special report,
> [M.M-S.] did not comply with condition
> number [four], which outlines the following
> household rules, not leaving home without
> permission of Probation or his parents.  He
> struggled to comply with condition number
> [six], which has to do with attending school
> regularly, with no unexcused absences or
> tardies.  He struggled with condition number
> [nine], which has to do with the use of
> substances, though I don't think I filed on that
> count necessarily.  Struggled with condition
> number [eight], which has to do with attending

---

[1] Because neither the probation department nor the People had disclosed M.M-S.'s probation file to the defense in advance of the hearing, at the outset of the hearing M.M-S.'s counsel objected to any witness relying on the contents of that file at the hearing.  The court agreed that those documents should have been disclosed to the defense and also found that a continuance of the hearing wasn't a viable option because the parties were before the court on the final day of the time period in which the hearing could be held.  Based on this set of circumstances, the court limited the documents that Pannell could rely on during his testimony to documents that had been e-filed in the case to that point and ruled that he couldn't reference or rely on documents in the probation department's file that hadn't been previously disclosed to the defense.

treatment. Again, I don't recall if I filed on that. And I don't want to open the laptop. But he did struggle meeting with the therapist. And then, there was an additional [Juvenile Intensive Supervised Probation (JISP)] condition. It's referenced as number [sixteen]. There are ISP conditions that were also filed with the Court. But he struggled in a condition that outlines if you are not in school for some reason, you need to notify Probation by 10:00 a.m.

¶ 6     Then, the prosecutor asked Pannell if M.M-S. had violated

Condition Three of his probation:

> [Pannell:] Referencing and reporting in to Probation, no he struggled with that.
>
> [Prosecutor:] Okay. Did he violate that condition?
>
> [Pannell:] Yes.
>
> [Prosecutor:] Has the juvenile ever discussed these violations with you?
>
> [Pannell:] Yes.
>
> [Prosecutor:] What did he tell you about these violations?
>
> [Pannell:] Are you referring to one in particular?
>
> [Prosecutor:] No, any of 'em.
>
> [Pannell:] With regard to reporting in[,] I recall without referencing my notes that we had discussed this several times. On one occasion

when he did not report to Probation, he texted me ahead of time, letting me know he was on his way but then never showed up. When I did finally meet with him in the office, we discussed why he lied, why he did not come in. I explained to him the importance of showing up to Probation.

¶ 7 Pannell didn't provide any other testimony to show that M.M-S. violated his probation. M.M-S.'s attorney asked the court to deny the petition for revocation because Pannell's testimony didn't address the elements of any potential violation. Counsel argued as follows:

Here there was no testimony about — well, there was just blanket testimony that conditions were violated. Regarding condition [three] there was not testimony as to dates that the condition was violated, how it was known the conditions were violat[ed]. . . .

. . . I would — so I would say that the People have not met their burden by — if we were just to go by saying a condition was violated, then, there would be zero point for a hearing. A court could just blanket grant a petition for revocation without any testimony. . . . And so, I don't believe the Court can find that any conditions of probation were violated. So we're asking the Court not to.

¶ 8 The magistrate found that M.M-S. had violated all four of the conditions that M.M-S. had been accused of violating:

> I've reviewed the terms of condition, the additional conditions for a [JISP]. I've reviewed the petition for revocation and the counts, there were three, four counts that [M.M-S.] has violated his probation. The Court has heard the sworn testimony of Probation Officer Pannell. The burden here is just a preponderance of the evidence, but I find that that was clearly met. The Court does find that Probation has proven — the district attorney has proven by a preponderance of the evidence that [M.M-S.] did violate his probation. He violated count 1, count 2, count 3, and count 4 by not attending school. He didn't report to Probation when he was scheduled, has not complied with those terms and conditions, has also not complied with treatment. So, the Court will revoke his probation . . . .

¶ 9     A month later, based on the finding of a probation violation, another magistrate revoked M.M-S.'s deferred adjudication, adjudicated M.M-S. on the felony charge, and sentenced him to fifteen months of probation and fifteen days of detention. M.M-S. timely petitioned the district court for review of the magistrate's ruling.

¶ 10    In its disposition of M.M-S.'s petition for review, the district court expressed concern over the paucity of the evidence presented at the hearing, but it nonetheless adopted the magistrate's ultimate

ruling that M.M-S. had violated the terms of his probation, concluding as follows:

> The Court is concerned about the lack of evidence or testimony regarding violations of Conditions [Four] and [Six] and believes this was a close case in terms of reviewing the case for judicial review, however revocation of probation motions have a preponderance of the evidence standard, a standard lower than the standard of proof beyond a reasonable doubt. Only one condition of probation needs to be proven for the Court to revoke the juvenile's probation. The Court does find that the violation of Condition [Three] was proven by a preponderance of the evidence. The testimony was clear, the Probation Officer testified that the juvenile violated the Condition and that the juvenile had failed to report to probation.
>
> Having reviewed all of the evidence before the Court, the Court cannot find the Magistrate's ruling to be clearly erroneous.

¶ 11 M.M-S. appeals the district court's adoption of the magistrate's ruling that he violated the terms and conditions of his probation and deferred adjudication.

## II. The Prosecution Didn't Prove All of the Elements

¶ 12 On appeal, M.M-S. argues that the prosecution didn't prove the elements of Condition Three because Pannell didn't testify to any facts that would have proved all of the elements of that

6

condition.[2]  We agree and reverse the district court's adoption of the magistrate's ruling that M.M-S. violated his probation, and we remand the case with directions.

### A.  Standard of Review

¶ 13    We review evidentiary sufficiency claims de novo.  *McCoy v. People*, 2019 CO 44, ¶ 34.  We will defer to a court's factual findings if they are supported by competent evidence in the record.  *Sharrow v. People*, 2019 CO 25, ¶ 28.

¶ 14    Probation is a privilege, not a right.  A probationer only needs to violate one condition of probation in order for probation to be revoked.  *People v. Howell*, 64 P.3d 894, 896 (Colo. App. 2002).  At a probation revocation hearing, the prosecution must prove a probationer violated probation by a preponderance of the evidence.  § 16-11-206(3), C.R.S. 2024.

---

[2] The district court adopted the magistrate's ruling solely on the basis that the record supported the magistrate's finding that M.M-S. violated Condition Three, and the People don't challenge that determination by the district court.  Based on this, we don't address the sufficiency of the evidence for the magistrate's findings with respect to the other three conditions that the magistrate found M.M-S. violated beyond accepting the district court's unchallenged determination that violation of those three conditions wasn't proved.

## B. Analysis

¶ 15 Condition Three of M.M-S.'s probation provides that the probationer must "[r]eport to a probation officer at reasonable times as directed by the court or the probation officer." The People argue that Pannell's initial testimony that M.M-S. had "violated" Condition Three was unequivocal and sufficient to support the magistrate's findings. That testimony was as follows:

> [Pannell:] Referencing and reporting in to Probation, no he struggled with that.
>
> [Prosecutor:] Okay. Did he violate that condition?
>
> [Pannell:] Yes.

¶ 16 And the People are correct — Pannell's initial testimony was unequivocal. But Pannell's initial testimony was also simply a legal conclusion — one that only the magistrate could make. *See* § 16-11-206(5) (the court determines if a violation of a condition of probation has been committed). And the magistrate couldn't logically base a finding that M.M-S. had violated Condition Three on Pannell's conclusory testimony that he had done so. Some *factual* basis was required.

¶ 17    The second portion of Pannell's testimony includes more, but not enough details to conclude that it was more probable than not that M.M-S. had violated Condition Three.  His testimony is insufficient to carry this burden because not only is it vague and conclusory, it doesn't address the necessary elements to prove a violation of Condition Three, including whether the circumstances around M.M-S.'s missed probation meetings were reasonable.  The most detailed testimony Pannell offered with respect to M.M-S. missing a probation appointment was as follows:

> With regard to reporting in[,] I recall without referencing my notes that we had discussed this several times.  On one occasion when he did not report to Probation, he texted me ahead of time, letting me know he was on his way but then never showed up.  When I did finally meet with him in the office, we discussed why he lied, why he did not come in. I explained to him the importance of showing up to Probation.

¶ 18    Pannell's testimony that M.M-S. "texted [him] ahead of time" but "did not report to Probation," is the closest Pannell's testimony comes to proving M.M-S. failed to "[r]eport to a probation officer at reasonable times as directed by the court or the probation officer." For instance, Pannell's testimony that M.M-S. texted him on the day

of their meeting supports a conclusion that M.M-S. had been "directed" to meet with a probation officer. But this limited testimony doesn't provide any detail that would tend to prove that M.M-S. was scheduled to meet with Pannell at a reasonable time.

¶ 19 The People respond that M.M-S. could have elicited more details had he chosen to cross-examine Pannell. But the burden to prove a probation violation rests solely on the prosecution. *See* § 16-11-206(3) ("At the hearing, the prosecution has the burden of establishing by a preponderance of the evidence the violation of a condition of probation . . . ."). Therefore, if Pannell's testimony was insufficient to prove the violation, it wasn't M.M-S.'s responsibility to elicit testimony that would have proved the prosecution's case.

¶ 20 Simply put, we conclude that the evidence presented at the hearing was insufficient to prove that M.M-S. violated Condition Three. Accordingly, the district court erred by adopting the magistrate's order sustaining the probation revocation complaint and revoking the deferred adjudication. Based on this, we reverse the district court's order with instructions that on remand the district court deny the petition for revocation of probation and conduct further proceedings consistent with this opinion. Such

further proceedings may include vacating M.M-S.'s adjudication on the felony charge and reinstating the original terms of M.M-S.'s probation and deferred adjudication and sentence (if any time remains on that sentence).

## III.  Disposition

¶ 21     The judgment is reversed, and the case is remanded with directions.

JUDGE KUHN and JUDGE SCHUTZ concur.