24CA1342 Peo v Stine 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1342
Jefferson County District Court No. 23CR1594
Honorable Jason Carrithers, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael Stine,

Defendant-Appellant.

---

SENTENCE AFFIRMED

Division I
Opinion by JUDGE GROVE
J. Jones and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Stuart & Ward LLP, Thomas R. Ward, Megan Bishop, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Michael Stine, appeals the $120,000 fine imposed by the district court.  We affirm.

## I.     Background

¶ 2     Stine, a licensed marijuana business owner, was indicted on nineteen offenses related to his involvement in the illegal distribution of marijuana and his failure to pay taxes associated with the lawful sale of marijuana.

¶ 3     As part of a plea agreement, Stine pleaded guilty to conspiracy to distribute marijuana or marijuana concentrate, distribution of marijuana or marijuana concentrate, and evasion of taxes administered by the Colorado Department of Revenue.  The remaining counts were dismissed and the parties agreed to leave sentencing open to the district court.

¶ 4     The parties also agreed to distribute $260,000 in funds that had been seized from Stine by law enforcement as follows: (1) restitution in the amount of $168,948.20 would be distributed to the Colorado Department of Revenue for unpaid taxes; (2) $30,000 would be forfeited by Stine and distributed equally among three law enforcement agencies for training and related operations; and (3) $61,015.80, the remaining amount, would be returned to Stine.

¶ 5    The district court accepted the plea agreement and sentenced Stine to five years of probation and imposed a $120,000 punitive fine.

## II.    Discussion

¶ 6    Stine contends that the district court's imposition of the $120,000 fine as a punitive sanction violated his constitutional rights against excessive fines because the court failed to consider his ability to pay the fine.  Because the record before us reflects that the court did consider Stine's ability to pay when it imposed the fine, we disagree.

### A.    Standard of Review and Preservation

¶ 7    Generally, a district court is afforded broad discretion in sentencing, and we will not overturn its decision absent an abuse of that discretion.  *Villanueva v. People*, 199 P.3d 1228, 1231 (Colo. 2008).  However, whether a sentence is constitutionally excessive is a question of law that we review de novo.  *Sharrow v. People*, 2019 CO 25, ¶ 27; *see also Melton v. People*, 2019 CO 89, ¶ 9 (reviewing de novo whether a sentence violates the Eighth Amendment to the United States Constitution and article II, section 20 of the Colorado Constitution).

¶ 8    To begin, we note that the parties dispute whether Stine preserved this constitutional claim.  But we do not need to resolve the dispute because, even if the claim was preserved, we conclude that the district court did not err.

## B.    Analysis

¶ 9    A fine is a form of a sentence, and a district court may impose a fine in addition to, or in lieu of, any other sentence provided by law.  § 18-1.3-401.5(2)(b)(I), C.R.S. 2025; *People v. Turner*, 644 P.2d 951, 953 (Colo. 1982).  However, the Eighth Amendment prohibits the imposition of "excessive fines."  U.S. Const. amend. VIII; *see also* Colo. Const. art. II, § 20 (same).

¶ 10    Divisions of this court have held that a sentencing court, when determining the amount of any fine to be imposed, must consider the severity of the offense, the defendant's character and background, the defendant's financial status, and any other appropriate circumstances of the case.  *See People v. Malone*, 923 P.2d 163, 166 (Colo. App. 1995); *People v. Pourat*, 100 P.3d 503, 507 (Colo. App. 2004).  The *Malone* division also held that a fine is excessive when it is so disproportionate to the defendant's

circumstances that there can be no realistic expectation that the defendant will be able to pay it. *Id.*

¶ 11 Relying on the reasoning of *Malone*, Stine asserts that the district court's findings do not adequately address his ability to pay the fine imposed. In particular, he points to the absence of the court's consideration of his monthly expenses, such as taxes, mortgage, insurance, food, and other necessities, or his financial circumstances related to his son. Assuming that *Malone* remains good law,[1] we agree that findings based on these considerations

---

[1] Although the People do not argue the point on appeal, the division's approach in *People v. Malone*, 923 P.2d 163, 166 (Colo. App. 1995), is not a universal rule. Some courts have held that a defendant's ability to pay is a relevant consideration in deciding whether a fine is "excessive." *See, e.g., People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal.4th 707, 728 (2005); *United States v. Viloski* (2d Cir. 2016) 814 F.3d 104, 111. Others have held that a defendant's ability to pay has no bearing on the question. *See, e.g., United States v. Smith*, 656 F.3d 821, 827-28 (8th Cir. 2011); *United States v. Dicter*, 198 F.3d 1284, 1292 n.11 (11th Cir. 1999). The United States Supreme Court left the question open in *United States v. Bajakajian*, 524 U.S. 321, 339-40 n.15 (1998). The Colorado Supreme Court has not resolved it either, although in *Colo. Dep't of Labor and Emp. v. Dami Hospitality, LLC*, 2019 CO 47M, ¶ 31, the court observed that, "[f]or some types of criminal or regulatory infractions," a fine that would bankrupt a person "might be warranted, whereas for others the severity of that outcome may be out of proportion to the gravity of the offense for which the fine is imposed."

4

would have been appropriate. However, so long as the court considers a defendant's ability to pay with "sufficient specificity to allow an appellate court to determine the bases for the sentence imposed," it will withstand a constitutional challenge. *Id.*

¶ 12 The district court here did so. The court imposed the fine based on its finding that Stine "worked in this business for a very long time, made lots of money (the grand jury indictment alleged that Stine and his company failed to report more than $2.5 million in taxable sales, and in the plea agreement, Stine stipulated to pay approximately $169,000 in past due taxes), and didn't follow the rules." *See Pourat,* 100 P.3d at 508 (income earned from illegal activity can be considered in deciding whether a fine is excessive).

¶ 13 The court also looked to Stine's particular financial circumstances when structuring the penalty. Specifically, it imposed the $120,000 fine in recognition of (1) Stine's agreement to forfeit $30,000 to law enforcement; and (2) $61,015.80 of seized funds that would be returned to Stine. And the fine was only a fraction of the maximum amount — $750,000 — that the court could have imposed under the governing statute. *See* § 18-1.3-401.5(2)(b)(I); *see also Pourat,* 100 P.3d at 508 (noting that a fine

5

that was ten percent of the maximum amount that could have been imposed was not excessive).

¶ 14    Further, the exchange regarding the fine between defense counsel and the district court confirms that, while Stine lacked the funds to pay the fine at the moment it was imposed, it was nonetheless realistic to expect that he would eventually be able to do so under a payment plan. *See Malone*, 923 P.2d at 166. Defense counsel told the court, "He doesn't have that. He's going to have to be set up on a payment plan. But he's got that Probation." The court replied, "Absolutely." *Cf. People v. Bolt*, 984 P.2d 1181, 1184 (Colo. App. 1999) (the record reflected consideration of the defendant's ability to pay where counsel "conferred with defendant and then informed the court that defendant would be able to make whatever 'reasonable payments' his probation officer required" and otherwise "did not object to the amount of the [surcharge] or ask the court to reduce it").

¶ 15    The district court also considered the severity of the offenses and found that Stine was "postured differently" — i.e., more culpable — than his co-defendants because, unlike them, Stine held a marijuana license issued by the Colorado Department of

Revenue. *See Malone*, 923 P.2d at 166 (courts should consider the severity of the offense to determine the appropriate amount of any fine to be imposed). And the court found that a punitive sanction was warranted, "given the unique relationship [Stine] had [as] a licensee and the trust and privilege that came with that."

¶ 16 Finally, we reject Stine's assertion that the district court "did not contemplate" that the imposition of the fine would result in a $44,400 victims assistance surcharge pursuant to section 24-4.2-104(1)(a)(I). Courts are presumed to know the law. *See People v. Abu-Nantambu-El*, 2017 COA 154, ¶ 30, *aff'd*, 2019 CO 106. And section 24-4.2-104(1)(a)(I) explicitly requires "[a] surcharge equal to thirty-seven percent of the fine imposed for each felony" to benefit the victim assistance fund.[2]

¶ 17 Because the factors considered by the district court included Stine's ability to pay the fine and were otherwise appropriate, we discern no error in the imposition of a $120,000 fine. *See, e.g., Pourat*, 100 P.3d at 508 (affirming $100,000 fine based on findings

---

[2] On appeal, the People note that the surcharge may be waived if the sentencing court finds that Stine is indigent. *See Waddell v. People*, 2020 CO 39, ¶¶ 24-27. But Stine did not request that relief on appeal, so we do not address it further.

that the criminal enterprise "had to have been lucrative," "the offense was severe," and the defendant's role "was major").

### III. Disposition

¶ 18    The sentence is affirmed.

JUDGE J. JONES and JUDGE SCHUTZ concur.